653 A.2d 1286

**COMMONWEALTH of Pennsylvania,**

**v.**

**Eugene RAGAN, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 26, 1994.

Filed Feb. 7, 1995.

338

Christopher D. Mannix, Philadelphia, for appellant.

Gayle M. Baker, Asst. Dist. Atty., Doylestown, for Com., appellee.

Before OLSZEWSKI, JOHNSON and BROSKY, JJ.

OLSZEWSKI, Judge:

Appellant Eugene Ragan appeals from judgment of sentence entered against him on October 25, 1993, in the Court of Common Pleas, Bucks County. The trial court set forth the facts as follows:

Defendant, Eugene Ragan, was convicted by a jury of aggravated assault, simple assault, recklessly endangering, conspiracy and other charges concerning his 6–week old daughter. Defendant brought the infant to Lower Bucks Hospital on January 23, 1992 at about 1:30 a.m. Due to the child's condition, she was transferred to St. Christopher's Hospital for Children. X-rays revealed 22 broken bones, both old and new. The fractures were of the ribs, arms and legs. The infant had very recently (within a matter of hours) sustained a lacerated liver. External bruising was also noted. Doctors' testimony was offered to the jury that the injuries were life threatening and that the child would have died without the medical treatment accorded her. In all, five physicians testified for the prosecution. The medical testimony presented was that the injuries were due to repeated inflicted trauma, and one doctor testified that the injuries were not consistent with various explanations offered to her by defendant as to the cause of the injuries.

The codefendant, Leah Maywhort, testified in her own behalf that she was the mother of the child and that she and the child had lived together with the defendant in the weeks preceding the child's hospitalization. She further testified that during the 24 hours preceding the hospitalization, defendant had spent a great deal of time alone with the child. When he presented the child to Maywhort he stated, "Take her, damn it, she won't shut up." She testified that

45 minutes later, the child became very pale and, as the day wore on, the baby was repeatedly vomiting and had diarrhea. Defendant denied to Maywhort that he injured the child. Instead, he accused her of sitting on the baby.

Under questioning by a detective, defendant stated that the baby "got in the middle" of a stressful situation with his wife. He also admitted he may have squeezed the baby too hard or pulled her by her arms and legs. He further blamed his unemployment and his wife's fighting as excuses as to how these stresses could have contributed to the injuries inflicted upon the child.

Opinion, 8/19/93 at 1–2. Ragan's post-verdict motions were denied and he was sentenced to ten-to-thirty years. This appeal followed.

█ Ragan first asserts that the verdict was against the weight of the evidence. A motion seeking a new trial on the basis of a weight of the evidence challenge should be granted when "the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Thompson v. City of Philadelphia,* 507 Pa. 592, 598, 493 A.2d 669, 672 (1985) (citing *Burrell v. Philadelphia Electric Co.,* 438 Pa. 286, 265 A.2d 516 (1970)).

█ While this standard, to be applied by the trial court, is very clear, the standard on appellate review has not been as clear. In the recent case of *Commonwealth v. Brown,* our Supreme Court discussed the standard of appellate review for weight of the evidence challenges. 538 Pa. 410, 435, 648 A.2d 1177, 1189 (1994). The Court noted that a weight of the evidence motion for a new trial is addressed to the sound discretion of the trial court. On review, our function is to examine the trial court's exercise of discretion and determine if there has been an abuse. We are not free to answer the underlying question of whether we believe that the verdict is against the weight of the evidence. *Id.* This distinction is a fine one, but a very important one; it allows us to correct a palpable abuse of discretion while ensuring that we will not

substitute our judgment for that of the jury or the trial court. *Id.*

In the search for a palpable abuse of discretion, we must look at the trial court's decision, findings, and reasons, and then "examine the record and assess the weight of the evidence; not however, as the trial judge, to determine whether the preponderance of the evidence opposes the verdict, but rather to determine whether the court below in so finding plainly exceeded the limits of judicial discretion and invaded the exclusive domain of the jury." *Id.* at 437, 648 A.2d at 1190 (quoting *Thompson,* 507 Pa. at 598–600, 493 A.2d at 673 (citations omitted)). In essence, our abuse of discretion standard of review is very narrow and seeks only to ensure that the trial judge exercises the duties, yet respects the confines, of his or her particular role in the trial proceeding.

In the instant case, the trial judge has not provided us with his thinking on the matter of the weight of the evidence. On page two of his opinion, the trial judge addresses Ragan's sufficiency of the evidence challenge. Opinion, 8/19/93 at 2. A sufficiency of the evidence challenge, however, does not involve the same inquiry as a weight of the evidence challenge. *Commonwealth v. Birdseye,* 432 Pa.Super. 167, 172–74, 637 A.2d 1036, 1039 (1994); *Commonwealth v. Taylor,* 324 Pa.Super. 420, 423–26, 471 A.2d 1228, 1229–30 (1984). Thus, we are left without an explicit trial court ruling on an issue that is addressed to the sound discretion of the trial court.

Appellee urges us to presume that the trial court examined the weight of the evidence. Brief for appellee at 19. It is true that the trial judge discussed and apparently credited much of the evidence introduced at trial. Based on this discussion, appellee would have us assume that the trial judge weighed the evidence and found that the verdict did not shock his sense of justice. In the absence of any indication that the trial court even noticed the weight of the evidence claim, however, any such assumption would look less like a review of the trial court's exercise of discretion and more like an appellate court's weighing of the evidence. We would be moving

342

dangerously close to crossing the weight of the evidence "line in the sand" drawn by the Supreme Court in *Brown.* In an area of the law where the Supreme Court has taken such pains to clearly delineate the boundaries of the appellate and trial court functions, we decline the invitation to again blur the distinction.

Since our review, as set forth in *Brown,* requires an explicit trial court determination on the weight of the evidence, we are constrained to remand and order the trial court to write a supplemental opinion, within 30 days of the filing of this opinion, detailing its decision and findings on the weight of the evidence. Given our disposition of this first claim, we decline to address Ragan's other claims at this time.

Remanded with directions for a supplemental opinion. Panel jurisdiction retained.

JOHNSON, J., concurs in the result.