J-S13018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MANDY SUE STINE | : | |
| | : | |
| Appellant | : | No. 899 WDA 2017 |
| | : | |

Appeal from the Judgment of Sentence May 2, 2017
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001469-2016

BEFORE: GANTMAN, P.J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED APRIL 20, 2018**

Appellant, Mandy Sue Stine, appeals from the judgment of sentence entered on May 2, 2017, in the Blair County Court of Common Pleas.[1] We remand with instructions and retain jurisdiction.

The trial court did not draft an opinion in this matter, so we glean the factual background from the certified record and notes of testimony. In 2015, David Leonard began working as a confidential informant ("CI") for the Altoona Police Department. N.T., 2/9/17, at 44. As a CI, Mr. Leonard purchased controlled substances from drug dealers, and police officers would

_____

[1] While Appellant purports to appeal from the trial court's order denying her post-sentence motion, the appeal properly lies from the May 2, 2017 judgment of sentence. **Commonwealth v. Shamberger**, 788 A.2d 408, 410 (Pa. Super. 2001). We have corrected the caption accordingly.

then arrest those dealers. *Id.* Mr. Leonard's work as a CI directly led to Appellant's arrest. *Id.* at 45.

On March 7, 2016, Appellant and Mr. Leonard were both seated in a courtroom in the Blair County Courthouse in Hollidaysburg, Pennsylvania. Appellant was in the courtroom as a result of Mr. Leonard's work as a CI, and Mr. Leonard was there as a defendant on a separate drug-related matter. Appellant was seated behind Mr. Leonard. Mr. Leonard claimed that when Appellant sat down behind him, she made threatening comments to him. *Id.* at 26. Mr. Leonard testified that Appellant called him a snitch and blamed him for her arrest. She told him that she knew where he lived, would burn his house down, and intended to hurt him. *Id.* Mr. Leonard also testified that after Appellant threatened him in the courtroom, she aggressively followed him in her car back to Altoona. *Id.* at 31. Mr. Leonard stated that during this pursuit, he applied the brakes suddenly to get behind Appellant's car, which enabled him to get Appellant's license plate number and call the police. *Id.*

On August 19, 2016, the Commonwealth charged Appellant with making terroristic threats, retaliation against a witness or victim, and harassment.[2] Following a jury trial, Appellant was found guilty of retaliation against a witness or victim and not guilty of making terroristic threats.[3] Verdict, 2/9/17.

---

[2] 18 Pa.C.S. §§ 2706(a)(1), 4953(a), and 2709(a)(2) respectively.

[3] The disposition of the summary offense of harassment is unclear from the record.

On May 2, 2017, the trial court sentenced Appellant to a term of one to twenty-three months of incarceration on the retaliation conviction. Appellant filed a timely post-sentence motion, which was denied on May 22, 2017, and on June 8, 2017, Appellant filed a timely notice of appeal. On July 19, 2017, the trial court directed Appellant to file and serve upon the court a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed a timely Pa.R.A.P. 1925(b) statement on July 28, 2017. The trial court did not draft an opinion but rather provided a statement asserting that it was relying upon the record. Pa.R.A.P. 1925(a) Notice, 10/31/17.

On appeal, Appellant raises four issues for this Court's consideration:

I. Whether the trial court erred in denying [Appellant's] dismissal motion that the verdict was not supported by the weight of the evidence submitted at trial. *Commonwealth v. Ostrosky*, 909 A.2d 1224 (Pa. 2006).

II. Whether the trial court erred in finding sufficient evidence to support the verdict because the [C]omm[on]wealth's evidence consisted of one to three adverse verbal statements followed by benign driving conduct that fails to get to the severity contained in *Commonwealth v. Ostrosky*, 909 A.2d 1224 (Pa. 2006).

III. Whether the trial court erred when the court denied a post sentence motion for a new trial where [Appellant] alleged a *Brady v. Maryland* violation because the investigating officer failed to recover easily available and material in-court video of the alleged incident. *Brady*, 373 U.S. 83 (1963).

IV. Whether the trial court erred when it denied [Appellant's] motion for a new trial alleging the verdict should also be set aside because Leonard was a "confidential informant" not a "witness" according to the plain language of the statute leading to the conclusion that, by definition, there cannot be a sufficient or weighty evidence to sustain the verdict.

Appellant's Brief at 7.[4]

Appellant first challenges the weight of the evidence and claims that she is entitled to a new trial. We have held that "[a] motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict." *Commonwealth v. Rayner*, 153 A.3d 1049, 1054 (Pa. Super. 2016) (quoting *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000)). Our Supreme Court has described the standard applied to a weight-of-the-evidence claim as follows:

> The decision to grant or deny a motion for a new trial based upon a claim that the verdict is against the weight of the evidence is within the sound discretion of the trial court. Thus, "the function of an appellate court on appeal is to review the trial court's exercise of discretion based upon a review of the record, rather than to consider *de novo* the underlying question of the weight of the evidence." An appellate court may not overturn the trial court's decision unless the trial court "palpably abused its discretion in ruling on the weight claim." Further, in reviewing a challenge to the weight of the evidence, a verdict will be overturned only if it is "so contrary to the evidence as to shock one's sense of justice."

*Commonwealth v. Cash*, 137 A.3d 1262, 1270 (Pa. 2016) (internal citations omitted). A trial court's determination that a verdict was not against the weight of the evidence is "[o]ne of the least assailable reasons" for denying a new trial. *Commonwealth v. Colon-Plaza*, 136 A.3d 521, 529 (Pa. Super. 2016) (quoting *Commonwealth v. Clay,* 64 A.3d 1049, 1055 (Pa. 2013)). A verdict is against the weight of the evidence where "certain facts are so clearly

---

[4] For purposes of our discussion we have renumbered Appellant's issues.

of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." *Commonwealth v. Lyons*, 833 A.2d 245, 258 (Pa. Super. 2003) (quoting *Widmer,* 744 A.2d at 751–752)). "[W]e do not reach the underlying question of whether the verdict was, in fact, against the weight of the evidence. . . . Instead, this Court determines **whether the trial court abused its discretion in reaching whatever decision it made on the motion**[.]" *Commonwealth v. Ferguson*, 107 A.3d 206, 213 (Pa. Super. 2015) (citation omitted) (emphasis added).

A challenge to the weight of the evidence must first be raised at the trial level "(1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." *Commonwealth v. Akrie*, 159 A.3d 982, 989 (Pa. Super. 2017). Although Appellant's weight claim lacked specificity, we are satisfied that she preserved her challenge by: 1) raising the issue in a post-trial motion filed on April 26, 2017; 2) discussing the weight of the evidence at the sentencing hearing on May 2, 2017 (N.T., 5/2/17, at 4); and 3) challenging the weight of the evidence in her post-sentence motion filed on May 5, 2017.

As noted above, the trial court did not file an opinion in this matter. Moreover, the trial court's order denying Appellant's post-sentence motion challenging, *inter alia*, the weight of the evidence, provides only that: "Pursuant to Pennsylvania Rule of Criminal Procedure 720, [Appellant's]

requests are denied." Order, 5/22/17. Accordingly, we are without the trial court's rationale.

Because we are reviewing a decision based solely on the trial court's discretion, *Ferguson*, 107 A.3d at 213, "[our] review requires an explicit trial court determination on the weight of the evidence[.]" ***Commonwealth v. Ragan***, 653 A.2d 1286, 1288 (Pa. Super. 1995). Accordingly, we are constrained to remand and order the trial court to draft an opinion detailing its decision and findings on Appellant's challenge to the weight of the evidence. *Id.* **The trial court shall file its opinion within thirty days from the date this Memorandum is filed.** Rather than issue a piecemeal decision, we decline to address Appellant's remaining claims at this time, and we shall address all of the issues following remand.

Case remanded with instructions. Panel jurisdiction retained.