J-S60002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JASON PATRICK HARRINGTON | : | |
| | : | |
| Appellant | : | No. 565 MDA 2018 |

Appeal from the Judgment of Sentence December 15, 2017
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0000656-2016

BEFORE:   SHOGAN, J., NICHOLS, J., and STRASSBURGER*, J.

JUDGMENT ORDER BY SHOGAN, J.:                **FILED OCTOBER 04, 2018**

Jason Patrick Harrington, Appellant, appeals *nunc pro tunc* from the judgment of sentence entered on December 15, 2017, following his conviction by a jury of aggravated indecent assault (complainant less than sixteen years of age) (count 1), unlawful contact with a minor (count 2), indecent exposure (count 3), and corruption of minors (count 4).[1]

Appellant raises the following issues on appeal:

1.    Whether the trial court abused its discretion in denying Appellant's post-sentence motion because the jury verdict was so contrary to the weight of the evidence as to shock one's sense of justice where the Commonwealth failed to prove beyond a reasonable doubt that the defendant intentionally, knowingly, or recklessly sexually assaulted the victim in this case?

---

[1]   18 Pa.C.S. §§ 3125(a)(8), 6318(a)(1), 3127(a), and 6301(a)(1)(ii), respectively.

---

*   Retired Senior Judge assigned to the Superior Court.

2.    Did the trial court abuse its discretion when it sentenced Appellant within the sentencing guidelines but failed to account for the rehabilitative needs of Appellant?

Appellant's Brief at 7 (unnecessary capitalization and underline omitted).

Appellant first challenges the weight of the evidence.  We have held that "[a] motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict."  *Commonwealth v. Rayner*, 153 A.3d 1049, 1054 (Pa. Super. 2016) (quoting *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000)).  Our Supreme Court has described the standard applied to a weight-of-the-evidence claim as follows:

> The decision to grant or deny a motion for a new trial based upon a claim that the verdict is against the weight of the evidence is within the sound discretion of the trial court.  Thus, "the function of an appellate court on appeal is to review the trial court's exercise of discretion based upon a review of the record, rather than to consider *de novo* the underlying question of the weight of the evidence."  An appellate court may not overturn the trial court's decision unless the trial court "palpably abused its discretion in ruling on the weight claim."  Further, in reviewing a challenge to the weight of the evidence, a verdict will be overturned only if it is "so contrary to the evidence as to shock one's sense of justice."

*Commonwealth v. Cash*, 137 A.3d 1262, 1270 (Pa. 2016) (internal citations omitted).  "[W]e do not reach the underlying question of whether the verdict was, in fact, against the weight of the evidence. . . .  Instead, this Court determines **whether the trial court abused its discretion in reaching whatever decision it made on the motion**[.]"  *Commonwealth v.*

*Ferguson*, 107 A.3d 206, 213 (Pa. Super. 2015) (citation omitted) (emphasis added).

A challenge to the weight of the evidence must first be raised at the trial level "(1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." *Commonwealth v. Akrie*, 159 A.3d 982, 989 (Pa. Super. 2017). Appellant preserved his challenge by raising the issue in a post-sentence motion and including the issue in his Pa.R.A.P. 1925(b) statement.

The trial court failed to address the weight-of-the-evidence, asserting that it lacked the necessary trial transcript to do so. Trial Court Opinion, 4/30/18, at 4. Accordingly, we are without the trial court's rationale. However, we note that the jury trial transcript is in the record certified to us on appeal.

Because we are reviewing a decision based solely on the trial court's discretion, *Ferguson*, 107 A.3d at 213, "[our] review requires an explicit trial court determination on the weight of the evidence[.]" *Commonwealth v. Ragan*, 653 A.2d 1286, 1288 (Pa. Super. 1995). Accordingly, we are constrained to remand and order the trial court to draft an opinion detailing its decision and findings on Appellant's challenge to the weight of the evidence. *Id.* **The trial court shall file its opinion within thirty days from the date this Memorandum is filed.** Rather than issue a piecemeal

decision, we decline to address Appellant's remaining claim at this time but shall address both issues following remand.

Case remanded with instructions. Panel jurisdiction retained.