J-S60002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JASON PATRICK HARRINGTON | : | |
| | : | |
| Appellant | : | No. 565 MDA 2018 |

Appeal from the Judgment of Sentence December 15, 2017
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0000656-2016

BEFORE: SHOGAN, J., NICHOLS, J., and STRASSBURGER*, J.

MEMORANDUM BY SHOGAN, J.: **FILED NOVEMBER 13, 2018**

Jason Patrick Harrington, Appellant, appeals *nunc pro tunc* from the judgment of sentence entered on December 15, 2017, following his conviction by a jury of aggravated indecent assault (complainant less than sixteen years of age) (count 1), unlawful contact with a minor (count 2), indecent exposure (count 3), and corruption of minors (count 4).[1] We affirm.

Our review of the record reveals that the victim, J.K., has been diagnosed with schizophrenia, attention deficit hyperactivity disorder, and Asperger's syndrome. He has an IQ of 63 and the mental age of an eight-year-old child. N.T., 9/13-15/17, at 34. J.K., who was twenty-one years old at the time of the jury trial, testified that when he was thirteen or fourteen

_____

[1] 18 Pa.C.S. §§ 3125(a)(8), 6318(a)(1), 3127(a), and 6301(a)(1)(ii), respectively.

_____

\* Retired Senior Judge assigned to the Superior Court.

years old, Appellant, his step-father at the time, who was dressed only in his underwear, pulled J.K. onto his lap and put his fingers "inside me and he'd be pulling on my butt hair." *Id*. at 53, 61, 65, 68. J.K. stated they would be seated "face-to-face," and Appellant's fingers were "inside my butt." *Id.* at 66, 68. Additionally, J.K. testified that Appellant would call him into the bathroom while Appellant was on the toilet, ask J.K. to get toilet paper, and when J.K. would bend down to retrieve it, Appellant "would masturbate in front of me." *Id*. at 72–76. Both of these incidents occurred "a couple [of] times." *Id*. at 69, 72.

The trial court summarized the procedural history following Appellant's jury trial as follows:

> On December 15, 2017, Appellant was sentenced as follows: Count 1-costs, fine of $1000 and a period of incarceration of not less than 36 months nor more than 120 months; Count 2-costs, fine of $500 and a period of incarceration of not less than 24 months nor more than 60 months running consecutively with Count 1; Count 3-costs, fine of $100, and a period of incarceration of not less than 12 months nor more than 24 months running concurrently with Count 2; and Count 4-costs, fine of $100 and a period of incarceration of not less than 12 months nor more than 24 months running concurrently with Count 2. Appellant's total aggregate sentence is not less than 5 years nor more than 15 years. There was time credit given from December 4, 2015 to the date of sentencing, December 15, 2017.
>
> Appellant filed a Post-Sentence Motion on December 26, 2017. The Commonwealth filed an answer on January 22, 2018, and on January 24, 2018, Appellant's Post-Sentence Motion was denied. Appellant failed to file a notice of appeal within thirty (30) days. On March 16, 2018, Appellant filed a [Post Conviction Relief Act] petition seeking to reinstate his appellate rights *nunc pro tunc*. A rule was entered on the Commonwealth[,] and the Commonwealth indicated that they did not object to Appellant's

- 2 -

direct appellate rights being reinstated. As such, pursuant to court order on March 26, 2018, Appellant's appellate rights were reinstated *nunc pro tunc*[,] and Appellant had thirty (30) days to file a Notice of Appeal.

Trial Court Opinion, 4/30/18, at 1–2 (footnotes omitted). Appellant filed a notice of appeal on April 3, 2018. Both Appellant and the trial court complied with Pa.R.A.P. 1925. In the Rule 1925(a) opinion, the trial court stated that it could not address Appellant's weight-of-the-evidence claim because Appellant failed to request transcripts, but it did address Appellant's sentencing issue. The jury trial transcript was in the record certified to us on appeal.

Because our review of the weight-of-the-evidence claim is a decision based solely on the trial court's discretion, *Commonwealth v. Ferguson*, 107 A.3d 206, 213 (Pa. Super. 2015), we require "an explicit trial court determination on the weight of the evidence[.]" *Commonwealth v. Ragan*, 653 A.2d 1286, 1288 (Pa. Super. 1995). Accordingly, we were constrained to remand this case to the trial court for preparation of an opinion detailing its decision and findings on Appellant's challenge to the weight of the evidence. The trial court quickly provided a supplemental Pa.R.A.P. 1925(a) opinion, and this matter is now ripe for our review.

Appellant raises the following two issues on appeal:

1. Whether the trial court abused its discretion in denying Appellant's post-sentence motion because the jury verdict was so contrary to the weight of the evidence as to shock one's sense of justice where the Commonwealth failed to prove beyond a

reasonable doubt that the defendant intentionally, knowingly, or recklessly sexually assaulted the victim in this case?

2. Did the trial court abuse its discretion when it sentenced Appellant within the sentencing guidelines but failed to account for the rehabilitative needs of Appellant?

Appellant's Brief at 7 (unnecessary capitalization and underline omitted).

Appellant first challenges the weight of the evidence. We have held that "[a] motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict." *Commonwealth v. Rayner*, 153 A.3d 1049, 1054 (Pa. Super. 2016) (quoting *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000)). Our Supreme Court has described the standard applied to a weight-of-the-evidence claim as follows:

> The decision to grant or deny a motion for a new trial based upon a claim that the verdict is against the weight of the evidence is within the sound discretion of the trial court. Thus, "the function of an appellate court on appeal is to review the trial court's exercise of discretion based upon a review of the record, rather than to consider *de novo* the underlying question of the weight of the evidence." An appellate court may not overturn the trial court's decision unless the trial court "palpably abused its discretion in ruling on the weight claim." Further, in reviewing a challenge to the weight of the evidence, a verdict will be overturned only if it is "so contrary to the evidence as to shock one's sense of justice."

*Commonwealth v. Cash*, 137 A.3d 1262, 1270 (Pa. 2016) (internal citations omitted). "[W]e do not reach the underlying question of whether the verdict was, in fact, against the weight of the evidence. . . . Instead, this Court determines whether the trial court abused its discretion in reaching whatever

- 4 -

decision it made on the motion[.]" ***Ferguson***, 107 A.3d at 213 (citation omitted).

A challenge to the weight of the evidence must first be raised at the trial level "(1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." ***Commonwealth v. Akrie***, 159 A.3d 982, 989 (Pa. Super. 2017). Appellant preserved his challenge by raising the issue in a post-sentence motion and including the issue in his Pa.R.A.P. 1925(b) statement.

Appellant assails the weight of the evidence because J.K. failed to report the crimes to law enforcement within a reasonable time; the person to whom J.K. originally revealed the incidents "had ulterior motives for having Appellant implicated in this type of crime"; and J.K.'s testimony allegedly was inconsistent "and the situations he described were improbable." Appellant's Brief at 19–20.

While the trial court seemingly concentrated on the sufficiency of the evidence, Supplemental Memorandum Opinion, 10/15/18, at 4–7, the trial court rejected the weight-of-the-evidence claim, concluding that the Commonwealth's evidence was credible and supported the fact-finder's conclusion that Appellant actively committed aggravated indecent assault, unlawful contact with a minor, indecent exposure, and corruption of a minor. ***Id***.; ***see Commonwealth v. King***, 959 A.2d 405 (Pa. Super. 2008) (citing ***Commonwealth v. Williams***, 854 A.2d 440, 445 (Pa. 2004) ("In criminal

proceedings, the credibility of witnesses and weight of the evidence are determinations that lie solely with the trier of fact.")). The trial court determined that J.K.'s testimony was credible, he was a reliable and compelling witness, and the verdict did not shock one's sense of justice. *Id*. at 5–7. The trial court declined to grant Appellant a new trial, finding that the verdict was amply supported by competent evidence. We agree with that assessment. "Appellant's argument is nothing more than a veiled attempt to have this Court re-weigh the evidence and substitute our judgment for that of the jury, which is wholly improper." *Commonwealth v. Ramtahal*, 33 A.3d 602, 609 (Pa. 2011). We reviewed the record in its entirety and discern no abuse of discretion with respect to the rejection of Appellant's weight-of-the-evidence claim.

In his second issue, Appellant acknowledges that the trial court sentenced Appellant within the Sentencing Guidelines, but he argues the trial court abused its discretion by failing to account for Appellant's rehabilitative needs. Appellant's Brief at 21. This issue presents a challenge to the discretionary aspects of Appellant's sentence. Such challenges do not entitle an appellant to review as of right; rather, a challenge in this regard is properly viewed as a petition for allowance of appeal. 42 Pa.C.S. § 9781(b); *Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa. 1987); *Commonwealth v. Sierra*, 752 A.2d 910 (Pa. Super. 2000).

An appellant challenging the discretionary aspects of his sentence must satisfy a four-part test. We evaluate: (1) whether Appellant filed a timely notice of appeal; (2) whether Appellant preserved the issue at sentencing or in a motion to reconsider and modify sentence; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the Sentencing Code. *Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 725 (Pa. Super. 2013). An appellant must articulate the reasons that the sentencing court's actions violated the sentencing code. *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010); *Sierra*, 752 A.2d at 912–913.

Herein, Appellant was granted a *nunc pro tunc* appeal, which he timely filed. The issue was preserved in a post-sentence motion, and the appellate brief contains a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence pursuant to Pa.R.A.P. 2119(f). Appellant's Brief at 16–18. Accordingly, we must determine whether Appellant has raised a substantial question that the sentence is not appropriate under 42 Pa.C.S. § 9781(b). *Moury*, 992 A.2d at 170.

The determination of whether there is a substantial question is made on a case-by-case basis, and this Court will allow the appeal only when the appellant advances a colorable argument that the sentencing judge's actions

were either: (1) inconsistent with a specific provision of the Sentencing Code, or (2) contrary to the fundamental norms which underlie the sentencing process. *Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa. Super. 2015). "[W]e cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Provenzano*, 50 A.3d 148, 154 (Pa. Super. 2012) (citation omitted). "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." *Commonwealth v. Knox*, 165 A.3d 925, 929 (Pa. Super. 2017) (quoting *Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005)).

We conclude that Appellant's challenge to the imposition of his sentence as unduly excessive, together with his claim that the trial court failed to consider his rehabilitative needs, presents a substantial question. *See Commonwealth v. Johnson*, 125 A.3d 822 (Pa. Super. 2015) (excessive sentence claim, in conjunction with assertion that sentencing court failed to consider mitigating factors, raises a substantial question). Thus, we grant Appellant's petition for allowance of appeal and address the merits of his claim. *Caldwell*, 117 A.3d at 770.

Appellant acknowledges that the trial court imposed a standard-range sentence of an aggregate of five to fifteen years of incarceration. Appellant's Brief at 23. At the sentencing hearing, Appellant's counsel apprised the court:

[Appellant] is 43 years old now. He's been out at Dauphin County Prison for quite some time. In fact, he has 24 months' time credit on this docket, and I'll get you those exact dates in a moment.

He is from this area of Pennsylvania, Your Honor. You may have heard during trial, he lived in Kansas for some time before moving back here where his family is. His mom and his sister still live in the area and have been a constant in his life during this case.

He worked at Harley Davidson. Prior to that he worked at Highmark as an analyst. While in Kansas and other places, he was involved in the construction industry. But since all that, he did develop significant back and knee problems, and he has been pretty much disabled for a number of years now. He has no children of his own, Your Honor.

* * *

He's got a zero prior record. The guidelines are what they are. These are felonies of the second degree. It's all very serious. He's going to do time regardless, and he's going to do substantial time because of the nature of the charges.

N.T. (Sentence), 12/15/17, at 6–7. Thus, the trial court was aware of the mitigating factors Appellant emphasized.

The trial court stated:

All right. I remember this case quite well, and there's several reasons I remember it. Number one, it wasn't all that long ago that the case was tried. But secondly, because of [J.K.'s] condition, he was an autistic child growing up, and now he's an adult, of course, but, nevertheless, the autism condition remains. And it was the—not only the emotional but the compelling nature of his testimony that makes this case very difficult to ever forget, quite frankly.

It was an impactful day of testimony when he did testify and, it was easy to see the pain he was suffering and the long-term effect that this had on him. And, of course, his brief comments today, I think, just emphasize that. So that has to be taken into account. Can't be overemphasized by any means, and

- 9 -

> I understand that, but, nevertheless, it is an important consideration in this case.
>
> The other consideration is that this abuse of [J.K.] took place over a rather extended period of time when he was just of a young age, and so it was a matter of [Appellant] taking advantage of that situation as well. And so there are very important factors, I believe, in the valuation of this case.

N.T. (Sentence), 12/15/17, at 8.

Appellant's claim that the trial court failed to consider his rehabilitative needs is meritless. Appellant provides no basis upon which we can conclude the trial court abused its discretion. Appellant baldly asserts that the trial court failed to consider Appellant's rehabilitative needs, but he fails to identify what needs were foregone. Appellant's Brief at 23–24. For these reasons, we conclude that Appellant is entitled to no relief on appeal.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2018