J-S32041-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                            :                PENNSYLVANIA
                                     :

                   v.                   :
                                     :
                                     :

BRIAN SCOTT JOHNSON           :
                                     :

          Appellant         :     No. 607 WDA 2021

Appeal from the Judgment of Sentence Entered April 15, 2021
In the Court of Common Pleas of McKean County Criminal Division at
No(s): CP-42-CR-0000116-2020

BEFORE: LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:         **FILED: NOVEMBER 19, 2021**

Brian Scott Johnson ("Johnson") appeals from the judgment of sentence imposed following his conviction of criminal mischief.[1] We affirm in part, and remand with instructions.

In January 2020, Johnson was an inmate at the McKean County Jail. Johnson did not share his cell with another inmate, and his cell was equipped with a sprinkler head. On January 18, 2020, surveillance video in the common areas of the jail showed Johnson throwing a bin or tote out of his cell. Shortly after, water began running out of Johnson's cell. Jail officials subsequently replaced the sprinkler unit inside Johnson's cell. The next day, January 19, 2020, surveillance video showed Johnson walk inside of his cell, and then walk

_____

[1] 18 Pa.C.S.A. § 3304(a)(5).

out of the cell shaking his hands. Shortly thereafter, water again began running from inside of Johnson's cell.

Johnson was charged with, *inter alia*, the above-referenced offense. At Johnson's non-jury trial, the warden of the McKean County Jail testified that Johnson was the only individual inside of his cell on the dates that the sprinkler turned on. N.T., 3/15/21, at 6-10. Pennsylvania State Trooper Steve Ross ("Trooper Ross") testified that Johnson had admitted to damaging the sprinkler on January 18, but not on January 19. *Id.* at 12-19. A McKean County Jail maintenance supervisor testified that he had replaced the sprinkler on both occasions, and that accidental sprinkler activations were not a common problem. *Id.* at 25-31. Finally, Johnson testified that he did not damage the sprinkler on January 18, and that he threw his tote out of his cell after the sprinkler had activated, so that his belongings did not get wet. *Id.* at 45. Johnson also testified that he did throw his tote on January 19, but that he threw it in the opposite direction of the sprinkler and that the thrown tote was not the cause of the sprinkler's activation. *Id.* at 48-49, 51. The trial court also reviewed video evidence from both dates. At the conclusion of trial, the court convicted Johnson of summary criminal mischief. On April 15, 2021, the trial court sentenced Johnson to four to eight days in prison, with credit for time served, plus eighty-two days of probation. Johnson filed a timely post-sentence Motion, which the trial court denied.

Johnson filed a timely Notice of Appeal, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Johnson raises the following questions for our review:

(1) Whether the evidence admitted at trial and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, are sufficient to support all of the elements of the offense at Count 3 [(criminal mischief)?]

(2) Whether the trial court abused its discretion upon review of the record when reviewing the weight of the evidence for Count 3 [(criminal mischief)?]

Brief for Appellant at 5.

In his first issue, Johnson argues that the evidence was insufficient to convict him of criminal mischief. *Id.* at 10-11. Specifically, Johnson claims that there was no evidence that he intended to damage the sprinkler in his cell, and that he threw his tote only after the sprinkler had already turned on, in order to prevent his belongings from getting wet. *Id.* at 10. Additionally, Johnson asserts that other cells in the jail had issues with sprinklers unexpectedly turning on, and that the location of the sprinkler on the wall would have made it difficult for Johnson to damage it. *Id.* at 10-11.

When considering a challenge to the sufficiency of the evidence, we determine

whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by

- 3 -

the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder[,] unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, or part or none of the evidence.

***Commonwealth v. Melvin***, 103 A.3d 1, 39-40 (Pa. Super. 2014) (citation omitted).

The Pennsylvania Crimes Code defines criminal mischief, in relevant part, as when an individual "intentionally damages real or personal property of another[.]" 18 Pa.C.S.A. § 3304(a)(5).

In its Opinion, the trial court addressed Johnson's sufficiency claim as follows:

[T]here was evidence presented that [Johnson] was the only individual in his jail cell on both January 18 and 19[, 2020,] when the sprinkler in the cell was activated. There is also video evidence from both dates that [Johnson] walked into his cell, walked back out of his cell, and then water immediately started flowing out from the cell. The likelihood that on two separate occasions [Johnson] walked into his cell and the sprinkler malfunctioned on its own is very low. The video footage itself is very strong circumstantial evidence that [Johnson] did[,] in fact[,] activate the sprinklers, and the additional testimony further strengthens the evidence against [Johnson]. There was evidence presented through the testimony of Trooper Ross that [Johnson] admitted to throwing his tote and activating the sprinkler on at least one occasion, which th[e c]ourt found credible. The McKean County Jail Maintenance Supervisor testified that accidental sprinkler activations were not a common problem. [Johnson] also admitted that it was possible he might have accidentally hit the

> sprinkler head on one occasion. Again, we find that he acknowledgement by [Johnson] that his actions caused the discharge of water to be accurate, but, we find the assertion that it was an accident involving a thrown tote to be incredible. The evidence[,] when viewed together and in the light most favorable to the Commonwealth, as well as giving the Commonwealth all reasonable inferences to be drawn from the evidence, clearly support this [c]ourt's verdict that there was sufficient evidence to prove that [Johnson] intentionally damaged the sprinkler and was guilty beyond a reasonable doubt.

Trial Court Opinion, 7/12/21, at 6-7.

Our review of the record confirms the sound judgment of the trial court. The Commonwealth proved beyond a reasonable doubt that Johnson intentionally threw his tote at the sprinkler, which was the property of the McKean County Jail, and that throwing the tote at the sprinkler resulted in damages. Accordingly, we can grant Johnson no relief on this claim. *See* *Melvin*, *supra*.

Next, Johnson challenges the verdict as against the weight of the evidence. Brief for Appellant at 11-12. Johnson asserts that even if the evidence was sufficient to convict him of criminal mischief, "the verdict went against a finding of guilty," as the trial court failed to give appropriate weight to his testimony. *Id.* at 12.

This Court has held that "[a] motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict." *Commonwealth v. Rayner*, 153 A.3d 1049, 1054 (Pa. Super. 2016) (quoting *Commonwealth v. Widmer*,

744 A.2d 745, 751 (Pa. 2000)). Our Supreme Court has described the standard applied to a weight of the evidence claim as follows:

> The decision to grant or deny a motion for a new trial based upon a claim that the verdict is against the weight of the evidence is within the sound discretion of the trial court. Thus, the function of an appellate court on appeal is to review the trial court's exercise of discretion based upon a review of the record, rather than to consider *de novo* the underlying question of the weight of the evidence. An appellate court may not overturn the trial court's decision unless the trial court palpably abused its discretion in ruling on the weight claim. Further, in reviewing a challenge to the weight of the evidence, a verdict will be overturned only if it is so contrary to the evidence as to shock one's sense of justice.

*Commonwealth v. Cash*, 137 A.3d 1262, 1270 (Pa. 2016) (internal citations and quotation marks omitted). "[W]e do not reach the underlying question of whether the verdict was, in fact, against the weight of the evidence…. Instead, this Court determines whether the trial court abused its discretion in reaching whatever decision it made on the motion[.]" *Commonwealth v. Ferguson*, 107 A.3d 206, 213 (Pa. Super. 2015) (citation omitted).

A challenge to the weight of the evidence must first be raised at the trial level "(1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." *Commonwealth v. Akrie*, 159 A.3d 982, 989 (Pa. Super. 2017).

In this case, Johnson preserved his challenge by raising the issue in his post-sentence Motion and his Concise Statement. However, our review reveals that the trial court failed to address Johnson's weight of the evidence claim, either in its denial of Johnson's post-sentence Motion or in its Pa.R.A.P.

1925(a) Opinion. **See** Order, 4/28/21; Trial Court Opinion, 7/12/21, at 1-7. Because a weight challenge requires us to review the trial court's exercise of its discretion, "[our] review requires an explicit trial court determination on the weight of the evidence[.]" **Commonwealth v. Ragan**, 653 A.2d 1286, 1288 (Pa. Super. 1995); **see also Ferguson**, 107 A.3d at 213. Accordingly, we are constrained to remand and order the trial court to draft an opinion detailing its decision and findings on Johnson's challenge to the weight of the evidence. **Id.** The trial court shall file its opinion within thirty days from the date this Memorandum is filed. This Court will address Johnson's remaining claim following remand.

Case remanded with instructions. Panel jurisdiction retained.