J-S11005-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                :           PENNSYLVANIA
                          :
           v.                       :
                          :
                          :
DONNIE MCLAURIN               : 
                          :
          Appellant            :    No. 1105 EDA 2023

Appeal from the Judgment of Sentence Entered December 9, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007895-2018

BEFORE:   BOWES, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.:            **FILED APRIL 25, 2024**

Donnie McLaurin appeals from the aggregate judgment of sentence of eight to sixteen years of imprisonment after the trial court convicted him of rape by forcible compulsion, aggravated indecent assault without consent, incest, and sexual assault. We remand with instructions.

Appellant was convicted following a bench trial on May 23, 2022, and he was sentenced on December 9, 2022. He filed a timely post-sentence motion challenging the weight of the evidence, which was denied by operation of law. This timely appeal followed. Appellant reasserts his weight claim as his only appellate issue. **See** Appellant's brief at 5.

_____

[*] Retired Senior Judge assigned to the Superior Court.

In its Pa.R.A.P. 1925(a) opinion, the trial court addressed Appellant's challenge by citing and applying law pertinent to a claim that the evidence was insufficient to sustain a verdict, rather than the law specific to a weight claim. *See* Trial Court Opinion, 10/24/23, at 7-8. "The distinction between these two challenges is critical." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). As our Supreme Court explained:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.
>
> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Id*. at 751-52 (cleaned up).

Likewise, this Court's role varies significantly between the claims. For a trial court's ruling on the sufficiency of the evidence, "our well-settled standard of review is *de novo*, and our scope of review is limited to the evidence admitted at trial viewed in the light most favorable to the Commonwealth as verdict winner." *Commonwealth v. Salinas*, 307 A.3d 790, 793 (Pa.Super. 2023). However, "[a]ppellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence." *Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (cleaned up).

This Court encountered the situation in which the trial court proffered a sufficiency rather than weight analysis in *Commonwealth v. Ragan*, 653 A.2d 1286 (Pa.Super. 1995). There, we observed the following concerning the nature of the abuse-of-discretion review applicable to a weight claim:

> In the search for a palpable abuse of discretion, we must look at the trial court's decision, findings, and reasons, and then examine the record and assess the weight of the evidence; not however, as the trial judge, to determine whether the preponderance of the evidence opposes the verdict, but rather to determine whether the court below in so finding plainly exceeded the limits of judicial discretion and invaded the exclusive domain of the jury. In essence, our abuse of discretion standard of review is very narrow and seeks only to ensure that the trial judge exercises the duties, yet respects the confines, of his or her particular role in the trial proceeding.

*Id*. at 1287-88 (cleaned up).

The *Ragan* Court refused to presume that the trial court examined the weight of the evidence where it only spoke to its sufficiency, explaining that

"any such assumption would look less like a review of the trial court's exercise of discretion and more like an appellate court's weighing of the evidence." *Id*. at 1288. We stated: "In an area of the law where the Supreme Court has taken such pains to clearly delineate the boundaries of the appellate and trial court functions, we decline the invitation to again blur the distinction." *Id*.

Unlike in *Ragan*, this case involved a bench trial rather than a jury trial. Certainly, the argument can be made that the presumption rejected by the *Ragan* Court could apply here, where the trial court as fact-finder necessarily weighed the evidence in reaching its verdict. Yet, "the trial court's role changes in ruling on a post-sentence motion after a non-jury trial. Post-trial, the court cannot re-deliberate, as it is no longer the fact finder." *Commonwealth v. Banniger*, 303 A.3d 1085, 1095 (Pa.Super. 2023) (cleaned up).

Nonetheless, we have acknowledged that "there is a logical inconsistency in asking a trial judge to conclude that her verdict shocked her own conscience." *Commonwealth v. Walsh*, 36 A.3d 613, 622 n.5 (Pa.Super. 2012). However, now-Justice Donohue countered that notion by observing: "It is the hallmark of a diligent trial judge to admit, after a review of a transcript, that a substantive misunderstanding of evidence formed the basis of his or her verdict. Upon discovery of such an error, the verdict rendered may indeed shock the jurist's conscience mandating a reversal of the outcome." *Id*. at 623 (Donohue, J., concurring).

Where, as here, we have no indication that the trial court appreciated the law applicable to its denial of Appellant's weight claim and undertook the proper reassessment of the evidence in its role as a jurist rather than as a fact-finder, we deem it appropriate to remand to the trial court for a new Pa.R.A.P. 1925(a) opinion applying the appropriate legal principles. *Compare Ragan*, 653 A.2d at 1288 (remanding for trial court to author a supplemental opinion "detailing its decision and findings on the weight of the evidence"), *with Commonwealth v. Hand*, 268 A.3d 399, 2021 WL 5121230, at *4-5 (Pa.Super. 2021) (non-precedential decision) (addressing denial of claim by operation of law after a non-jury trial where the trial court applied the law applicable to a weight claim in its Rule 1925(a) opinion and explained why the verdict did not shock its conscience).

Specifically, the trial court has thirty days from the date of this memorandum to author and supply to this Court and the parties an opinion explaining whether the "verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Clay*, 64 A.3d at 1055 (cleaned up). Thereafter, Appellant shall have thirty days to file a supplemental brief addressing the trial court's new opinion. The Commonwealth may file a supplemental brief within thirty days after Appellant's brief is filed.

Case remanded with instructions. Jurisdiction retained.