J-S02040-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAMAR ERIC LINEHAN, JR. | : | |
| | : | |
| Appellant | : | No. 599 EDA 2024 |

Appeal from the Judgment of Sentence Entered September 25, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0003100-2021

BEFORE:  LAZARUS, P.J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED APRIL 23, 2025**

Lamar Eric Linehan, Jr. appeals from the judgment of sentence entered following his convictions for first-degree murder, carrying a firearm without a license, possessing an instrument of crime, conspiracy to commit third-degree murder, and conspiracy to commit carrying a firearm without a license.[1] He challenges the weight of the evidence and raises numerous claims of ineffective assistance of trial counsel. We remand for the trial court to file a supplemental Rule 1925(a) Opinion.

Linehan was found guilty of the above offenses following a jury trial at which his co-defendant, Rashee Thomas, testified that Linehan shot the victim multiple times, resulting in his death. The court sentenced him to life imprisonment without parole for first-degree murder, a consecutive term of

_____

[1] 18 Pa.C.S.A. §§ 2502(a), 6106(a)(1), 907(a), 903 (of 2502(c), and 903 (of 6106(a)(1)), respectively.

36 to 72 months' incarceration for the firearms charge, and a concurrent term of 240 to 480 months incarceration for conspiracy. Linehan filed a post-sentence motion that included a challenge to the weight of the evidence, and the trial court denied it. This timely appeal followed.

Linehan raises the following issues:

I. Was [t]rial [c]ounsel ineffective for failing to exclude testimony and evidence at the time of [t]rial [Linehan's] street name was "Murder"?

II. Was [t]rial [c]ounsel ineffective for failing to confirm and advise [Linehan] that an offer had been conveyed of 20 to 40 years?

III. Was [t]rial [c]ounsel ineffective for failing to adequately cross[-]examine Rashee Thomas in reference to prior inconsistent statements as well as the plea agreement he reached with the Commonwealth prior to testifying?

IV. Was [t]rial [c]ounsel ineffective for failing to subpoena Ms. Morales to testify on behalf of [Linehan]?

V. Was [t]rial [c]ounsel ineffective for failing to cross-examine Detective Deery who testified that he obtained a driver's license from [Linehan] when, in fact, [Linehan] never possessed or owned a driver's license?

VI. Was [t]rial [c]ounsel ineffective for failing to argue to the [j]ury the contents of the video published to the [j]ury?

VII. Was the verdict of [g]uilty as to First Degree Murder against the weight of the evidence?

VIII. Was the verdict against the weight of the evidence as to the conviction of Conspiracy to Third Degree Murder?

Linehan's Br. at 4-5 (unnecessary capitalization and suggested answers omitted; issues renumbered).

Linehan's first issues relate to claims of ineffective assistance of counsel. We do not address them. Ineffective assistance of counsel claims may not be raised on direct appeal unless an exception applies. ***Commonwealth v. Grant***, 813 A.2d 726, 738 (Pa. 2002). These exceptions include:

- Extraordinary circumstances where a discrete claim of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice.

- If there is good cause shown and the defendant knowingly and expressly waives his entitlement to seek subsequent [Post Conviction Relief Act] review of his conviction and sentence.

- Where the defendant is statutorily precluded from obtaining subsequent [Post Conviction Relief Act] review.

***Commonwealth v. Delgros***, 183 A.3d 352, 360, 361 (Pa. 2018). Linehan does not claim any of these exceptions, nor does the record support a finding that any exception is applicable.

Linehan's remaining issues challenge the weight of the evidence. When reviewing a challenge to the weight of the evidence, we must determine "whether the trial court abused its discretion in reaching whatever decision it made on the motion[.]" ***Commonwealth v. Ferguson***, 107 A.3d 206, 213 (Pa.Super. 2015) (citation omitted). In other words, this Court's review of such a claim "requires an explicit trial court determination on the weight of

the evidence[.]" ***Commonwealth v. Ragan***, 653 A.2d 1286, 1288 (Pa.Super. 1995).

Here, the trial court's Pa.R.A.P. 1925(a) opinion explains its rejection of Linehan's weight claims by applying the standard applicable to a challenge to the sufficiency of the evidence. A sufficiency challenge "does not involve the same inquiry as a weight of the evidence challenge." ***Id.***; ***see*** 1925(a) Opinion, filed 5/20/24, at 3, 20-26 (identifying issues one and two as challenges to weight of evidence but conducting analysis of issues under sufficiency of the evidence standard). The trial court's order denying Linehan's post-sentence motion did not provide an explanation of the ruling (and did not need to).

Thus, it is unclear whether the trial court applied the proper standard when it ruled on the weight challenge. It may have applied the correct "shocks the conscience" standard[2] and simply misstated the legal standard in its Rule 1925(a) opinion, or it may have employed the sufficiency standard. We do not have a clear determination by the trial court of the merits of Linehan's challenge to the weight of the evidence. We therefore remand for the trial court to file a supplemental opinion detailing its determination of Linehan's challenge to the weight of the evidence. ***See Ragan***, 653 A.2d at 1288 (remanding case for the court to file a supplemental opinion where trial court

_____

[2] ***See Commonwealth v. Sullivan***, 820 A.2d 795, 806 (Pa.Super. 2003).

failed to address challenges to weight of the evidence).[3] The court shall forward its supplemental opinion to this Court within 30 days of the filing of this Memorandum.

      Case remanded with instructions. Jurisdiction retained.

_____

[3] *See Sullivan*, 820 A.2d at 806 (remanding weight challenge where it was unclear from trial court's opinion accompanying order rejecting claim whether trial court applied sufficiency or weight standard).