J-A12022-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN E. HASSELL | : | |
| | : | |
| Appellant | : | No. 968 EDA 2024 |

Appeal from the Judgment of Sentence Entered November 20, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001023-2023

BEFORE: STABILE, J., DUBOW, J., and SULLIVAN, J.

JUDGMENT ORDER BY DUBOW, J.:               **FILED APRIL 23, 2025**

Appellant, John E. Hassell, appeals from the November 20, 2023 judgment of sentence entered in the Philadelphia County Court of Common Pleas following his conviction for Robbery and related crimes. Appellant challenges the sufficiency and weight of the evidence in support of his conviction as well as the denial of his suppression motion. Upon review prior to oral argument, we recognize that the trial court did not address Appellant's weight of the evidence claim. Accordingly, we are constrained to remand to the trial court for a supplemental Pa.R.A.P. 1925(a) opinion to address the weight of the evidence claim.

Following a July 7, 2023 bench trial, the trial court convicted Appellant of Robbery, Possession of Instrument of Crime, Terroristic Threats, Simple Assault, Theft by Unlawful Taking-Movable Property, Receiving Stolen Property, and Aggravated Assault-Attempt to Cause Bodily Injury with Deadly

Weapon in regard to a January 7, 2023 knife-point robbery on a Philadelphia street.[1]  On November 20, 2023, the court imposed an aggregate sentence of 4 to 8 years of incarceration followed by 3 years of probation.

Appellant filed post-sentence motions, which included a claim that the verdict was against the weight of the evidence.  On March 27, 2024, the Office of Judicial Records entered an order denying the post-trial motions by operation of law.

On April 1, 2024, Appellant filed a timely notice of appeal.  Appellant complied with Pa.R.A.P. 1925(b).  The suppression court and the trial court filed separate Pa.R.A.P. 1925(a) opinions.

Appellant raises the following questions on appeal:

1. Was the verdict against the weight of the evidence where the trial judge did not consider any of the strong exculpatory evidence, and injected herself as a "witness" by relying on "evidence" that was not part of the trial record in arriving at her verdict?

2. Did the conviction for a robbery violate state and federal due process rights because the evidence was insufficient to establish that [Appellant] was the one who committed the crime?

3. Did the suppression court err by finding that there was reasonable suspicion to stop [Appellant]?

Appellant's Br. at 2 (reordered).

We turn first to Appellant's claim that the verdict was against the weight of the evidence.  It is well-established that a trial court, which heard and saw

_____

[1] 18 Pa.C.S. §§ 3701(A)(1)(ii); 907(a); 2706(a)(1); 2701; 3921(a); 3925(a); and 2702(a)(4), respectively.

the evidence, should award a new trial when the "verdict is so contrary to the evidence as to shock one's sense of justice[.]" **Commonwealth v. Clay**, 64 A.3d 1049, 1055 (Pa. 2013) (citation omitted). In evaluating a weight claim, "the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner," as a weight of the evidence claim "concedes that there is sufficient evidence to sustain the verdict." **Commonwealth v. Sullivan**, 820 A.2d 795, 806 (Pa. Super. 2003) (citation and emphasis omitted). Rather, in evaluating a weight of the evidence claim, a trial court determines whether, "notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." **Id.** (citation omitted).

It is well-established that "appellate review of a weight claim is a review of the [trial court's] exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence." **Id.** (citation omitted). "We are not free to answer the underlying question of whether we believe that the verdict is against the weight of the evidence." **Commonwealth v. Ragan**, 653 A.2d 1286, 1287 (Pa. Super. 1995). Accordingly, where a trial court fails to provide the requisite analysis of a weight claim, this Court is constrained to remand for a supplemental opinion. **See id.** at 1288.

In the instant case, the trial court acknowledged that Appellant raised challenges to both the sufficiency and the weight of the evidence but

- 3 -

addressed only the sufficiency of the evidence.[2]  Trial Ct. Op., 5/14/24, at 4-7.  Accordingly, we remand for the trial court to provide a supplemental Pa.R.A.P. 1925(a) opinion addressing Appellant's challenge to the weight of the evidence.  The trial court should forward its supplemental opinion to the Prothonotary of this Court within 30 days.

Considering Appellant's request for argument, we will not address his other claims at this time; instead, we direct the Prothonotary, upon receipt of the trial court's supplemental opinion, to list this case on the next available argument panel.

Case remanded with instructions.  Case continued until completion of the remand.

_____

[2] The trial court initially opined that Appellant waived his challenges to the sufficiency and weight of the evidence due to a "lack of specificity" in Appellant's Rule 1925(b) statement.  Trial Ct. Op., 5/14/24, at 5.  While we agree that the Rule 1925(b) statement is unnecessarily lengthy, we find that it sets forth separate challenges to the sufficiency and weight of the evidence based on an alleged lack of evidence identifying Appellant as the assailant, specifically asserting five alleged weaknesses in the Commonwealth's evidence.  Pa.R.A.P. 1925(b) Statement, 4/23/24, at ¶¶ 5-6.  Accordingly, we conclude that Appellant did not waive these claims in his Rule 1925(b) statement.