605 A.2d 307

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Richard SEES, Appellee.**

Supreme Court of Pennsylvania.

Submitted May 6, 1991.

Decided March 9, 1992.

Kenneth A. Osokow, First Asst. Dist. Atty., for appellant.

William J. Miele, Public Defender, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

CAPPY, Justice.

The issue before the Court is whether the trial court's admission of expert testimony concerning the so called "child sexual abuse syndrome" was error mandating a new trial. For the reasons set forth in *Commonwealth v. Dunkle*, 529 Pa. 168, 602 A.2d 830 (1992), we hold that the admission of such testimony was error and that a new trial is required.[1]

[1.] Appellant also claims that Appellee waived the issue of whether the Appellant's expert should have been entitled to testify about the sexually abused child syndrome. Immediately after the testimony of the Appellant's expert, defense counsel moved that the testimony be stricken, since "[you] can't come in with very general information in every case and lay it out in front of the Jury with nothing else and that's what happened here." (N.T. 288). During the colloquy with the Court, the trial judge stated "[y]our objection is on the record and if you're right, it's something you're protected on the record, I note again like some of the other issues this is a cutting edge issue...."

The appellee, Richard Sees, was charged with involuntary deviate sexual intercourse, indecent assault, and incest involving a sexual assault upon his son, who was seven years old at the time of the incident. According to the testimony at trial, the child victim became withdrawn, started having nightmares and wanted to accompany his mother any time she left the home. When interviewed by a child protective service worker, the child appeared nervous and distraught. The child's babysitter testified that in June, 1986, the child told her that he had been abused by his father, was frightened and did not want to be in his father's presence.

Through cross-examination by the appellee, it was established that there was a lengthy delay in reporting the allegations of abuse and that such allegations only began when a custody battle was initiated between the victim's mother and father.

At trial, the Commonwealth called an expert, Susan Slade, to testify about behaviors exhibited by sexually abused children as well as reasons why sexually abused children do not always report the abuse immediately after the incident.

The appellee was convicted of indecent assault and found not guilty of all other offenses. On appeal, the Superior Court reversed the conviction, 402 Pa.Super. 658, 578 A.2d 40, holding that it was error to allow the expert witness to

The trial judge also noted that there was some confusion as to the state of the law in this area, referring to *Commonwealth v. Baldwin*, 348 Pa.Super. 368, 502 A.2d 253 (1985), *appeal denied; Commonwealth v. Pearsall*, 368 Pa.Super. 327, 534 A.2d 106 (1987), *appeal denied*, 524 Pa. 596, 568 A.2d 1246 (1989); and *Commonwealth v. Davis*, 518 Pa. 77, 541 A.2d 315 (1988).

It is admittedly difficult to discern precisely the nature of the objection raised by defense counsel. In his post trial opinion, the trial judge notes that "[t]here does appear to be inconsistency in the Defendant's argument post-verdict with his request during the trial." Nevertheless, the trial court and the Superior Court (in its memorandum opinion) both addressed the issue. In light of their respective decisions to address the substance of the issue and to foreclose any possibility of an ineffectiveness claim in a Post–Conviction Relief Act petition (which would most certainly follow, were we to find the issue waived), we too will address the merits of the case.

testify. We affirm that decision on the basis of our opinion in *Commonwealth v. Dunkle*, where we held that it was error to permit an expert to testify about behaviors allegedly exhibited by sexually abused children. In *Dunkle*, we also held that it was error to permit an expert to testify as to why children who have suffered sexual abuse may delay reporting the incident. Thus, for the reasons set forth in *Dunkle*, we affirm the decision of the Superior Court remanding the case for a new trial.

Affirmed.

LARSEN, J., files a dissenting opinion in which PAPADAKOS, J., joins.

McDERMOTT, J., files a dissenting opinion.

LARSEN, Justice, dissenting.

I dissent for the reasons set forth in my dissenting opinion in *Commonwealth v. Dunkle*, 529 Pa. 168, 602 A.2d 830 (1992) (Larsen, J., dissenting), and I would reverse the order of the Superior Court and reinstate the judgment of sentence.

PAPADAKOS, J., joins this dissenting opinion.

McDERMOTT, Justice, dissenting.

I dissent for the reasons set forth in my concurring and dissenting opinion in *Commonwealth v. Dunkle*, 529 Pa. 168, 602 A.2d 830 (1992) (McDermott, J. concurring and dissenting), and I would reverse the order of the Superior Court and reinstate the judgment of sentence.