664 A.2d 582

COMMONWEALTH of Pennsylvania

v.

Juan PEREZ, Appellant.

Superior Court of Pennsylvania.

Submitted June 26, 1995.

Filed Aug. 24, 1995.

572

Alan L. Yatvin, Philadelphia, for appellant.

Kathy L. Echternach, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HUDOCK, FORD ELLIOTT and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

Juan Perez appeals his conviction for second-degree murder in the robbery-shooting of Michael Sharpe, for which he received the mandatory life sentence. Perez filed no post-verdict motions, but now challenges the sufficiency and weight of the evidence on appeal. In the alternative, he argues that his trial counsel was ineffective for failing to preserve these and other issues in post-verdict motions.

Perez sold counterfeit drugs on North Orkney Street in Philadelphia; nobody would entrust him with real drugs, because he would use them instead of sell them. In October of 1991, Michael Sharpe purchased twenty caps of what he thought was cocaine from Perez, but was actually laundry detergent. Perez used the proceeds of his scam to buy a few caps of genuine cocaine for himself. Sharpe soon realized that he'd been taken, and returned to demand his money back.

Perez offered Sharpe a single good cap, but Sharpe was not satisfied.

At this point another drug dealer, Jose Uderra, approached the pair and offered his assistance. When Sharpe declined to buy drugs from Uderra, Uderra (who was armed with a sawed-off shotgun) and Perez decided to beat up and rob the trouble-making customer. They threw Sharpe to the ground, kicked him around, and went through his pockets; Perez removed Sharpe's jacket and threw his sneakers onto a nearby roof. Then Perez helped hold Sharpe still while Uderra shot him.[1]

Perez filed no post-verdict motions, even though then-applicable Rule 1123 required the filing of post-verdict trial motions to preserve issues for appeal. *See* former Pa.R.Crim.P. 1123, 42 Pa.C.S.A.[2] He has nonetheless appealed to this court, challenging the weight and sufficiency of the evidence (or alternatively alleging trial counsel's ineffectiveness for failing to preserve these claims through post-verdict motions), and for failing to better redact the statement he gave to police. Perez did not file a statement of matters complained of on appeal, and the trial court did not request one pursuant to Pa.R.A.P. 1925. The trial court wrote an opinion addressing only the question of sufficiency of the evidence.[3]

1. This version of the crime was provided by one of the Commonwealth's two eyewitnesses. The other eyewitness testified that after the robbery was over Perez ran away, and Uderra shot Sharpe in the chest by himself. Perez gave the same account in his own statement to the police: that he left when the robbery was over, and had walked a good distance away when Uderra shot Sharpe.

2. Under the new Rule 1410, which applies to all cases where guilt is determined after January 1, 1994, post-verdict motions are no longer required to preserve most issues for appellate review. The trial court mistakenly believed that the new rule applied. Trial court opinion, 1/5/95 at 5.

3. The trial court also mistakenly believed that post-verdict motions were filed and heard, and that it requested counsel to file a Rule 1925(b) statement of matters complained of on appeal. Opinion at 3. The record shows, and the parties concede, that neither of these required post-verdict procedures took place. We are at a loss to understand how the trial court could offer such a counter-factual description of the record in its opinion. As we will discuss, the trial

## I.

■ Before addressing the merits of Perez's claims, we must consider the effect of his failure to file post-verdict motions. Because Perez was found guilty in June of 1993, Rule 1123 required that he preserve any issues for appeal by first submitting them to the trial court in a post-verdict motion. Perez's weight and sufficiency arguments are therefore technically waived. *See Commonwealth v. Santana,* 321 Pa.Super. 299, 468 A.2d 488 (1983).

■ Even so, the trial court chose to address the issue of sufficiency of the evidence. When an issue is waived for failure to comply with post-trial procedural rules but the trial court chooses to overlook the error and addresses the issue, an appellate court is bound to do likewise. *See American Association v. Casualty Reciprocal Exchange,* 527 Pa. 59, 67, 588 A.2d 491, 495 (1991).[4] We therefore will consider Perez's claim that his murder verdict was not supported by sufficient evidence.

■ No verdict can stand unless the Commonwealth has proven every element of the crime beyond a reasonable doubt. In reviewing this question, we consider the evidence in the light most favorable to the Commonwealth as verdict winner. *E.g. Commonwealth v. Oliver,* 431 Pa.Super. 1, 635 A.2d 1042 (1993). Here, witness Maria Martinez testified that she saw Perez and Uderra try to rob Sharpe, and then saw Perez hold Sharpe's arms while Uderra shot him. N.T. 6/1/93, 66–67, 72–73. This testimony alone would be sufficient to establish first-degree murder; there can be no question that it establishes second-degree murder as well, being a killing committed in the course of a robbery. 18 Pa.C.S.A. § 2502(b) (defining felony-

court's failure to request a statement of matters complained of on appeal complicates the disposition of this case.

4. Moreover, our high court has suggested that we may relax our application of waiver somewhat in criminal cases for purposes of judicial economy, in order to pre-empt future P.C.R.A. litigation. *Commonwealth v. Sees,* 529 Pa. 450, 451 n. 1, 605 A.2d 307, 308 n. 1 (1992); *see also Takes v. Metropolitan Edison Co.,* 440 Pa.Super. 101, 136–37, 655 A.2d 138, 156–57 (1995) (Olszewski, J. dissenting) (distinguishing procedural waiver from substantive waiver).

murder); *Commonwealth v. Tate,* 485 Pa. 180, 401 A.2d 353 (1979).

Consequently, we may also reject Perez's claim that his trial counsel was ineffective for failing to preserve this sufficiency claim through post-verdict motions. There being sufficient evidence to support the conviction, the underlying claim is without merit, and counsel will not be found ineffective for failing to pursue a meritless claim. *See, e.g., Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987).

## II.

Our next inquiry concerns Perez's challenge to the weight of the evidence. The decision to grant a new trial based on a challenge to the weight of the evidence is necessarily committed to the sound discretion of the trial court, because only the trial court observed the witnesses and other evidence first-hand. *Commonwealth v. Brown,* 538 Pa. 410, 648 A.2d 1177 (1994). A weight of the evidence claim cannot be considered for the first time on appeal. Rather, the credibility determinations involved in a weight claim require that it be brought to the trial court, lest it be waived. *Commonwealth v. Hodge,* 441 Pa.Super. 653, 658 A.2d 386 (1995).

*Hodge,* however, did not consider whether trial counsel could be found ineffective for failing to challenge the weight of the evidence before the trial court, a claim which Perez raises here. The first prong of any ineffectiveness inquiry is whether the underlying claim is of arguable merit. *Pierce,* 515 Pa. at 155, 527 A.2d at 973. In the past, we would have simply reviewed the record and made our own determination as to whether the verdict was so contrary to the evidence as to shock one's sense of justice. *E.g., Commonwealth v. Moore,* 436 Pa.Super. 495, 501–03, 648 A.2d 331, 334 (1994) (holding that counsel was not ineffective for failing to preserve weight of the evidence challenge, since appellate court did not find the verdict shocking), *alloc. denied,* 540 Pa. 580, 655 A.2d 512 (1995). Our Supreme Court's recent re-

articulation of the standards involved in reviewing weight claims suggests that this practice is no longer tenable. In *Brown,* our high court specifically held that appellate courts cannot evaluate the merits of a weight claim, since we only have a cold record before us. 538 Pa. at 436–38, 648 A.2d at 1190. Appellate review of weight challenges is necessarily limited to whether the trial court abused its discretion in ruling on the claim. *Id.*

Extra care must be taken when conducting this review. As the *Brown* Court noted, it is difficult for an appellate court to determine whether a trial court has abused its discretion, without reviewing the weight of the evidence as if it were the trial court. The essence of appellate review for a weight claim appears to lie in ensuring that the trial court's decision has record support. "Where the record adequately supports the trial court, the trial court has acted within the limits of its discretion." *Id.* at 437, 648 A.2d at 1190 (quoting *Thompson v. City of Philadelphia,* 507 Pa. 592, 493 A.2d 669 (1985)). This approach suggests that when a weight claim is raised for the first time on appeal, an appellate court may address and reject it only when there is absolutely no record support for a defense verdict—that is, when the defendant has introduced no evidence, and the Commonwealth's evidence has no internal inconsistencies. When there is simply no record evidence which weighs in the defendant's favor, we would have to hold that for a trial court to find the verdict against the weight of the evidence would necessarily constitute an abuse of discretion.

Nor may we take the trial court's silence as a tacit denial of any weight claim, presuming that if the trial court's conscience had been shocked by the verdict, then surely it would have granted a new trial *sua sponte.* Just as a splash of water will help electric current flow, so too can a thoughtful marshalling of record evidence bring hidden inconsistencies into sharp relief, and awaken a court to the realization that the verdict is indeed shocking. *Cf. Commonwealth v. Ragan,* 439 Pa.Super. 337, 653 A.2d 1286 (1995) (where appellant challenged the weight of the evidence but the trial court did not

address the issue, we could not take silence as an implicit denial of claim but were required to remand for proper consideration).

Considering Perez's ineffectiveness claim in this light, we see that a remand is necessary. The two eyewitnesses who testified against Perez gave dramatically different accounts of his involvement in Sharpe's death: while witness Maria Martinez described Perez as participating in the shooting, witness Maria Carrasquillo testified that Perez ran away after the robbery was over, and was already around the corner when Uderra shot Sharpe by himself. *Compare* N.T. 6/1/93 pp. 66–67 *with* pp. 132–34. Perez's confession admitted to robbing Sharpe, but also stated: "By the time the shooting happened I was almost to the corner of Indiana & Orkney Street." R.R. at 498. The jury could have drawn several conclusions from this conflicting evidence: that Perez intentionally killed Sharpe; that Sharpe was killed in the course of Perez's robbery; or that Perez only robbed Sharpe, but had nothing to do with his killing. Because there is some evidence which weighs in Perez's favor, we cannot reject his ineffectiveness claim as meritless. Nor can we weigh the evidence ourselves. *Brown, supra,* at 538 Pa. 410, 648 A.2d 1177. Hence, we are constrained to remand the case back to the trial court to determine if trial counsel was ineffective for failing to challenge the weight of the evidence below.[5]

 If the trial court had requested counsel to file a statement of matters complained of on appeal, the weight claims, within the context of ineffective assistance of counsel, would have been addressed in the court's opinion. In such a case, we would not be forced to remand. The trial court not only mistakenly presumed that new Rule 1410 applied to this case, but also apparently presumed that the new rule eliminated all post-trial practice. We stress to trial courts that the

---

5. If the trial court finds that Perez's weight of the evidence claim is without merit, it may properly reject the ineffectiveness claim without holding an evidentiary hearing.

new Rule 1410 which obviates most post-verdict motions does not dispense with the trial court's responsibility to write an opinion addressing the issues being appealed. Under Pa. R.A.P. 1925(b), when an appellant does not file a statement of matters complained of on appeal, it is the trial court's responsibility to order appellant to do so. *Compare Commonwealth v. Forest,* 427 Pa.Super. 602, 607–08, 629 A.2d 1032, 1035 (1993) (when trial court requests a statement of matters complained of on appeal but appellant does not file one, trial court cannot address issues, appellate review is hampered, and claims are waived), *alloc. denied,* 536 Pa. 642, 639 A.2d 28 (1994), *with Commonwealth v. Thomas,* 305 Pa.Super. 158, 451 A.2d 470 (1982) (when trial court does not order appellant to file a concise statement of matters complained of on appeal, failure to file statement does not waive issues).[6]

## III.

 Finally, Perez claims that his trial counsel was ineffective for failing to ensure that Perez's side of the story was not redacted out of his confession. The Commonwealth used Perez's confession as an admission against him, but could not use it against Uderra because Uderra had no opportunity to cross-examine Perez, who chose not to testify. *See Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). The trial court therefore redacted Perez's confession to eliminate any references to Uderra. *See Oliver,* 431 Pa.Super. at 5–8, 635 A.2d at 1044–45. Perez claims that in redacting his statement, the trial court needlessly edited the sentence "I thought it was over and started to walk...." R.R. 498. Perez argues that his trial counsel was ineffective

---

**6.** We also note that the failure to properly challenge the weight of the evidence cannot be raised as a layered ineffectiveness claim on P.C.R.A. A weight claim does not go to the truth-determining process; rather, it is a post-verdict claim which asks the trial court to ignore the truth-determining process's otherwise reliable determination of guilt. *See* 42 Pa.C.S.A. § 9543(a)(2)(ii). So long as trial courts properly require defendants to file statements of matters complained of on appeal and write thorough opinions, weight claims will either be timely raised and addressed or permanently waived.

for not keeping this evidence in the statement which was read to the jury.

We agree with Perez that there was no reason for editing out this sentence; it did not implicate Uderra in any way. Nor was it suspect as being self-exculpatory—it was part of Perez's narrative admitting to the robbery, and had already been corroborated by one eyewitness. It should have been read to the jury as part of Perez's confession, and we can posit no reason why counsel did not object to its pointless redaction. *See Pierce, supra* 515 Pa. at 160–61, 527 A.2d at 976 (to establish ineffective assistance of counsel, the underlying claim must be of arguable merit, its omission must have had no reasonable basis, and it must have prejudiced appellant).

This oversight, however, could not have prejudiced Perez. Despite the omission, the confession still expressed Perez's version of events by stating that "By the time the shooting happened I was almost to the corner of Indiana and Orkney Streets." N.T. 6/2/93 at 64. The jury also heard Maria Carrasquillo testify to the same scenario. N.T. 6/1/93 at 132– 34. Moreover, if the jury had found that Perez held Sharpe still while Uderra blew him away, then it should have found Perez guilty of first-degree murder. By returning verdicts of conspiracy [7] and murder in the second degree, the jury indicated that it believed Perez's version but still found sufficient nexus between the robbery and the clearly foreseeable killing to carry Perez's culpability over into the latter act. *See Commonwealth v. Evans*, 489 Pa. 85, 91–92, 413 A.2d 1025, 1028 (1980) (duration of conspiracy is a question of fact).

7. We must presume that the jury found Perez guilty of conspiracy to commit robbery. The Commonwealth never specified what criminal act it charged Perez of conspiring to commit in its information, the court did not specify an underlying crime in its conspiracy instruction, and the verdict did not specify an underlying crime. *See* R. Information (describing the allegations against Perez as violating 18 Pa.C.S.A. § 903 generally); N.T. 6/3/93 at 114 (jury instructed that "in order to find a defendant guilty of conspiracy to commit the crime of either robbery or the crime of murder, you must be satisfied ..."); R. Verdict Sheet (Perez found guilty of conspiracy, with no mention of underlying crime).

Finding no prejudice, this ineffectiveness claim fails.[8]

Remanded with instructions. Jurisdiction relinquished.

---

8. Our holding that Perez was not prejudiced by counsel's redaction oversight does not contradict our decision to remand for the trial court to address Perez's weight claim. Both the prejudice prong of an ineffectiveness claim and a weight of the evidence claim involve judicial review of the record to determine if things should have come out differently. It is of no matter that weight of the evidence claims are probably the weakest reason for granting a new trial, and almost never fly. Appellate courts are permitted to conduct the prejudice analysis, but only the trial court may analyze the weight claim. *Pierce, supra; Brown, supra.*