676 A.2d 249

**COMMONWEALTH of Pennsylvania**

v.

**John Peter ROBINSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 20, 1996.

Filed April 29, 1996.

Joseph P. Burt, Erie, for appellant.

Damon Hopkins, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before HUDOCK, FORD ELLIOTT and BROSKY, JJ.

FORD ELLIOTT, Judge.

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Erie County on January 20, 1995. Following a jury trial, appellant was found guilty of theft by unlawful taking or disposition and receiving stolen property [1] in connection with the theft of an automobile in the early morning hours of February 1, 1994. Appellant was sentenced to two to seven years' incarceration,[2] plus fines, costs, and restitution. No post-sentencing motions were filed, and this timely appeal was then filed on February 17, 1995.[3]

■ Appellant raises two inter-related issues on appeal. In his first issue, appellant claims that the verdict was against the weight of the evidence. In his second issue, he claims ineffectiveness of counsel for failing to file post-sentencing motions to preserve the weight of the evidence issue. (Appellant's brief at 4.) We are unable to address this first issue, because appellant has failed to file post-sentencing motions. In *Commonwealth v. Hodge*, 441 Pa.Super. 653, 658 A.2d 386 (1995), a case in which appellant raised the weight of the evidence issue for the first time on appeal, having chosen not to file post-sentencing motions, this court stated:

It seems clear ... that this Court cannot entertain, in the first instance, a request for a new trial on the grounds that the verdict was contrary to the weight of the evidence. This is not an issue of waiver. Even though, as a general rule, a defendant need not file a post-sentence motion in order to preserve issues for appellate review, a weight of the evidence argument may be addressed only by the trial court. Therefore, a defendant, who wishes to seek a new trial on grounds that the verdict was contrary to the weight of the evidence, must necessarily raise this issue via post-sentencing motion in the trial court. If the trial court

1. 18 Pa.C.S.A. §§ 3921(a) & 3925, respectively.

2. The sentence for receiving stolen property merged with the sentence for theft by unlawful taking.

3. This case presents yet another in a series of complicated and convoluted procedural issues created for the appellate courts by the amendments to Pa.R.Crim.P. 1410.

denies the motion, the defendant may then file an appeal in which the trial court's exercise of discretion will be subject to review.

*Id.* at 660, 658 A.2d at 389. Subsequently, a panel of this court held that, even if the trial court has filed an opinion pursuant to Pa. R.A.P. 1925(a) in which it addresses the weight of the evidence issue, "the trial court had no basis upon which to grant a new trial without a motion for a new trial before it. Thus, it could not exercise its discretion in granting or denying same." *Commonwealth v. Holmes,* 444 Pa.Super. 257, 262–64, 663 A.2d 771, 774 (1995). As a result, the *Holmes* court found the weight of the evidence issue unreviewable on appeal. *Id.*

■ Because we are unable to address the merits of appellant's first issue, we must address his second issue; namely, whether counsel was ineffective for failing to preserve the weight issue by filing post-sentencing motions. In *Commonwealth v. Perez,* 444 Pa.Super. 570, 664 A.2d 582 (1995), this court held that trial counsel could be found ineffective for failing to challenge the weight of the evidence before the trial court, providing the necessary prongs of an ineffectiveness claim were established. *Id.* at 575–579, 664 A.2d at 585–586, *citing Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987). As the *Perez* court noted, the first prong of any ineffectiveness claim is whether the underlying claim is of arguable merit. *Perez, supra* at 575–577, 664 A.2d at 585, *citing Pierce, supra* at 155, 527 A.2d at 974. After reviewing our supreme court's recent analysis, in *Commonwealth v. Brown,* 538 Pa. 410, 648 A.2d 1177 (1994), of the role of an appellate court when reviewing a challenge to the weight of the evidence, the *Perez* court was compelled to remand to the trial court to address the issue of counsel's ineffectiveness. *Perez, supra* at 577–579, 664 A.2d at 586.

■ The *Perez* court noted, however, that "If the trial court had requested counsel to file a statement of matters complained of on appeal, the weight claims, within the context of ineffective assistance of counsel, would have been addressed in

the court's opinion." *Id.* Such is the case before us instantly. While the trial court did not address the weight claims within the context of an ineffectiveness claim, the weight claims were, nevertheless, addressed by the trial court in its 1925(a) opinion, because they were included in the statement of matters complained of. As a result, we need not remand to the trial court for its determination as to whether the weight of the evidence claim is without merit; it has already made that determination. *Id.* at 578 n. 5, 664 A.2d at 586 n. 5 ("If the trial court finds that Perez's weight of the evidence claim is without merit, it may properly reject the ineffectiveness claim without holding an evidentiary hearing.").

In its opinion, the trial court noted that both appellant and the Commonwealth presented witness testimony concerning the events on the night of February 1, 1994:

> Two witnesses who were with [appellant] that evening unequivocally testified that they dropped [appellant] off and went to find a restroom. When they returned, [appellant] was driving a vehicle that he admitted he stole. Contrary evidence was presented by defense witnesses who stated they had seen [appellant's] stepbrother, [one of the two Commonwealth witnesses], driving the car when he pulled into their driveway at 5:00 a.m.

Trial court opinion, 9/28/95 at 3. The trial court acknowledged that appellant's stepbrother, who was one of the Commonwealth witnesses, had a record for *crimen falsi;* however, the trial court also noted that it was "within the purview of the jury to determine credibility, and they unanimously chose to lend more credibility to the Commonwealth's witnesses, regardless of the one witness' criminal record." *Id.* As a result, the trial court's sense of justice was not shocked. *Id.* at 4.

From the foregoing, it is clear that the underlying claim to appellant's ineffectiveness issue lacks merit, as the trial court found that the verdict was not against the weight of the evidence. As a result, appellant's ineffectiveness claim must fail.

Having found no merit to either of appellant's issues, we affirm the judgment of sentence. Jurisdiction is relinquished.