J-S56005-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
:         PENNSYLVANIA
:
v.               :
:
:
:
WILLIAM JACKSON          :
:
Appellant       :   No. 1951 EDA 2018

Appeal from the PCRA Order Entered June 4, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000312-2011

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:        **FILED MARCH 16, 2021**

Appellant, William Jackson, appeals from the order dismissing, as untimely, his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm in part, and vacate in part.

A full recitation of the underlying facts developed at Appellant's 2012 trial is unnecessary to the disposition of this appeal.[1]  Briefly, on March 29, 2007, the victim was alone with her infant child when three armed men broke into her home.  The intruders demanded money, and began searching through the residence when the victim told them she had none.  Later, one of the men

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The PCRA court provided a detailed summary of the facts adduced at trial in its Pa.R.A.P. 1925(a) opinion.  **See** PCRA Court Opinion ("PCO"), 10/11/19, at 1-5.

took the victim to the basement and sexually assaulted her. Eventually, the intruders departed with numerous electronic devices and a firearm, and the victim immediately called the police. While at the police station, she identified Johnny Sowell from a photo array as being one of the perpetrators. Nearly three years later, the police searched Sowell's bedroom and discovered several items stolen from the victim's home, as well as a photo of Appellant amongst the stolen items. When the photo was shown to the victim, she immediately identified Appellant as the man who had sexually assaulted her during the home invasion.[2]

The Commonwealth charged Appellant with numerous offenses and, on July 23, 2012, a jury convicted him of robbery, rape, conspiracy, and possession of an instrument of crime ("PIC").[3] On January 18, 2013, the trial court sentenced Appellant to an aggregate term of 15-30 years' incarceration.[4] He filed a timely post-sentence motion, which was denied by operation of law on May 29, 2013. Appellant then filed a timely notice of appeal. This Court affirmed his judgment of sentence on July 15, 2014, and our Supreme Court denied allowance of appeal on December 26, 2014.

---

[2] This was the first time the victim told police about the sexual assault.

[3] **See** 18 Pa.C.S. §§ 3701, 3121, 903, 907, respectively.

[4] The court sentenced Appellant to consecutive terms of 5-10 years' incarceration each for his robbery, rape, and conspiracy offenses. The court also sentenced him to 1-2 years' incarceration for PIC, which it ordered to run concurrently to his sentence for robbery.

- 2 -

*Commonwealth v. Jackson*, 105 A.3d 791 (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 105 A.3d 735 (Pa. 2014).

Appellant filed a *pro se* PCRA petition on December 2, 2015, and Appellant's former PCRA counsel, David Rudenstein, Esq., was appointed in November of 2016. Through Attorney Rudenstein, Appellant filed an amended PCRA petition on July 31, 2017. After the Commonwealth filed a motion to dismiss the petition on March 20, 2018, the PCRA court issued, on May 8, 2018, a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. Appellant did not respond, and the PCRA court ultimately denied the petition on June 4, 2018. Appellant filed a timely notice of appeal, and a timely, court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued its Rule 1925(a) opinion on October 11, 2019. On May 12, 2020, this Court remanded to the PCRA court for the appointment of new counsel due to the death of Attorney Rudenstein. The PCRA court appointed Daniel Anthony Alvarez, Esq., to continue the stewardship of Appellant's appeal. After unsuccessfully seeking remand, Attorney Alvarez filed a brief on Appellant's behalf on June 28, 2020, and the Commonwealth's brief followed on November 23, 2020.

Appellant presents the following questions for our review:

[1.] Did the PCRA [c]ourt err in dismissing as untimely and without merit Appellant's PCRA [p]etition, as Appellant contends that his PCRA [p]etition was within one year that the judgment became final and otherwise satisfied the time bar exceptions as provided under 42 Pa.C.S. § 9545(b)([1])(ii), and that his claim has merit as witnesses would testify that Appellant is not one of the doers, and at least one witness was unavailable at the time of trial due

- 3 -

to their right against self-incrimination, and because his appellate counsel failed to raise weight issues on direct appeal?

[2.] Was appellate counsel ineffective for failing to argue that the verdicts were against the weight of the evidence, where the weight issue was preserved in an oral motion by trial counsel, and where the verdict was such to shock one's conscience?

[3.] Was the sentence of 5 years to 10 years of incarceration illegal for PIC, as exceeding the statutory maximum of 5 years?[1]

> [1] [N.T.], 1/18/13, [at] 21. The sentencing [o]rder is not in the lower court's record[, nor] in its efile system, and[,] therefore, Appellant makes this unwaivable argument based on the sentencing notes of testimony. Further, due to … COVID-19, access to the physical record is completely impractical, and access to the Stout Criminal Justice Center is restricted.

Appellant's Brief at 5.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1).

Here, the PCRA court determined that Appellant's PCRA petition was untimely because Appellant "was sentenced on January 18, 2013, and filed his PCRA [petition] on December 2, 2015, which is well over the one year

timeliness standard." PCO at 9. The Commonwealth concedes that the PCRA court erred, as Appellant's PCRA petition was timely. **See** Commonwealth's Brief at 5 n.2. Indeed, as the PCRA statute dictates, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Thus, the one-year time limitation did not begin to run on Appellant's PCRA petition until 90 days after his petition for allowance of appeal to our Supreme Court was denied. **See Commonwealth v. Owens**, 718 A.2d 330, 331 (Pa. Super. 1998) (holding that under the PCRA, a petitioner's judgment of sentence is deemed final 90 days after the Pennsylvania Supreme Court rejected his petition for allowance of appeal since petitioner had ninety days to seek further review with the United States Supreme Court). As noted above, Appellant's petition for allowance of appeal was denied by our Supreme Court on December 26, 2014. Thus, he had until March 25, 2016, to file a timely PCRA petition. Appellant timely filed his *pro se* PCRA petition on December 2, 2015. Accordingly, we agree with Appellant and the Commonwealth that the PCRA court erred when it dismissed the petition as untimely. Nevertheless, as this Court is not bound by the rationale of the PCRA court, and may affirm its decision to dismiss the PCRA petition on any legal basis, we will address the merits of Appellant's claims. **See Commonwealth v. Doty**, 48 A.3d 451, 456 (Pa. Super. 2012) (holding that

this Court is not bound by the rationale of the PCRA court and may affirm on any basis).

First, Appellant contends that there is after-discovered evidence that warrants a new trial. He claims that his co-defendant, Sowell, is now willing to testify that Appellant was not present during the home invasion and, therefore, that Appellant was misidentified by the victim with respect to both the home invasion and the rape. As Appellant explains:

> Appellant proffers that Sowell is available to testify. Appellant proffers that Sowell would submit to a statement. That his testimony would be that Appellant was not present and certainly did not participate in the home invasion robbery and sexual assault. This is very important, because the identification (which took place three years later), which was very suggestive[] of … Appellant, was completely unreliable. N.T., 7/16/12, at 101, 107-[]12. The [victim], who had very little credibility, never reported to the first officer on the scene[] that a sexual assault took place. N.T., 7/17/12, at 31-33. Also, the police paperwork, at the time of the incident, made no mention of any sexual assault, or that the [victim] knew any of the doers. N.T., 7/16/12, at 145-[]48.
>
> Further, a statement from Sowell is crucial in shedding light on this wrongful conviction, as [the victim] lacks credibility, as she hid her active addiction issues from her live-in boyfriend[,] was a user of crack cocaine, alcohol and [m]arijuana, and did so while taking care of her newborn child … at the very time of the home invasion robbery, and had a history of trading sex for drugs. N.T., 7/13/12, at 103-[]04, 127-[]31.
>
> With this lack of credibility, combined with the rather suggestive identification process present in this case, it is imperative that a hearing be held, and Sowell be heard from.

Appellant's Brief at 17-18 (citations to the record reformatted).

> To obtain relief based on after-discovered evidence, [an] appellant must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or

cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

*Commonwealth v. Pagan*, 950 A.2d 270, 292 (Pa. 2008). Additionally, "[w]ith respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015). Furthermore, it

> is well settled that "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008). "[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Commonwealth v. Hanible*, … 30 A.3d 426, 452 ([Pa.] 2011).

*Commonwealth v. Maddrey*, 205 A.3d 323, 328 (Pa. Super. 2019).

The PCRA court's analysis of the merits of this claim is difficult to discern, because the court was primarily, and erroneously, focused on the applicability of an exception to PCRA statute's timeliness requirements, not the underlying after-discovered evidence claim. *See* PCO at 10-15. However, the court did provide the following statements with respect to Appellant's request for an evidentiary hearing:

> [Appellant] did not file a full evidentiary request with the witnesses' addresses and dates of birth. Furthermore, [Appellant's] counsel did not file an evidentiary hearing request with the amended PCRA petition. Additionally, there is nothing on

the record, in lieu of [Appellant's] not filing an adequate evidentiary hearing request[,] that … PCRA counsel provided [the] Commonwealth with the addresses and names of the witnesses. Therefore, under [42] Pa.C.S. § 9545, "failure to substantially comply with the requirements of this paragraph shall render the proposed witness's testimony inadmissible." [42] Pa.C.S. § 9545(d)(iii).

\*\*\*

It is clear on the record that [the victim] has seen [Appellant] before and during the robbery in [her] home. Furthermore, [Appellant] lived with his aunt on the same street as [the victim]. Additionally, there was no genuine issue of material fact because [the victim] identified [Appellant] on multiple occasions. Therefore, [Appellant] was not entitled to an evidentiary hearing[,] nor a PCRA remand for an evidentiary hearing.

*Id.* at 14-15. The Commonwealth additionally argues that Appellant "failed to meaningfully develop his claim that his co-defendant would have testified [at an evidentiary hearing]; he did not proffer any testimony from his co-defendant in his petition, and there is no indication that his co-defendant would have testified[,] or that the testimony would have benefitted" Appellant. Commonwealth's Brief at 12.

When Appellant's *pro se* and amended PCRA petitions were filed, the prior version of the PCRA statute dictated that:

Where a petitioner requests an evidentiary hearing, the petition shall include a signed certification as to each intended witness stating the witness's name, address, date of birth and substance of testimony and shall include any documents material to that witness's testimony. Failure to substantially comply with the requirements of this paragraph shall render the proposed witness's testimony inadmissible.

42 Pa.C.S. § 9545(d)(1).[5]

Here, Appellant identified Sowell as a potential witness in his initial *pro se* petition, under the following statement: "I request an evidentiary hearing. I certify, subject to the penalties for unsworn falsification … that the following persons will testify to the matters stated." *Pro Se* PCRA Petition, 12/2/15, at 6. He provided the general nature of the proposed testimony therein, indicating that Sowell would testify that Appellant was not present or in any way involved in the home invasion, and that Appellant had been misidentified by the victim for the actual perpetrator, one Marquis Johnson. **Id.** Appellant signed the petition twice, the latter being his signature on an unsworn declaration attesting to the proposition that his statements in the petition were true and correct to the best of his knowledge. **Id.** at 7, 8. However, Appellant did not provide Sowell's date of birth or his address. Nevertheless, we cannot ignore that Sowell is not an unknown party in this case. He was Appellant's co-defendant at trial.

Based on the face of this record, we reject the PCRA court's conclusion that Appellant did not "substantially comply" with 42 Pa.C.S. § 9545(d)(1). Here, Sowell was prosecuted by the Commonwealth in the very same trial that resulted in Appellant's conviction. It defies reason to believe that the Commonwealth was in some way prejudiced by Appellant's failure to include Sowell's address and date of birth, requirements plainly meant to assist in the

---

[5] Section 9545(d) was later amended, effective December 24, 2018, to include even more stringent requirements, as we discuss *infra*.

identification of a proposed witness, and the Commonwealth has provided no such argument that it was prejudiced by the omission. On these facts, we conclude that Appellant *substantially* complied with the dictates of the prior version of 42 Pa.C.S. § 9545(d)(1) in effect when he filed his petition.

In any event, as this Court has stated with respect to these requirements, "it is improper to affirm a PCRA court's decision on the sole basis of inadequate witness certifications where the PCRA court did not provide notice of the alleged defect." **Commonwealth v. Pander**, 100 A.3d 626, 642 (Pa. Super. 2014). Here, the PCRA court did not provide Appellant notice of any defect in the witness certification in its Rule 907 notice of its intent to dismiss his petition, nor can we find any such notice elsewhere in the record.

We also note that both the Commonwealth and the PCRA court appear to have applied or considered the amended version of Section 9545(d)(1), which now reads,

> **(d) Evidentiary hearing.--**
>
> (1) The following apply:
>
> (i) Where a petitioner requests an evidentiary hearing, the petition shall include a certification signed by each intended witness stating the witness's name, address, date of birth and substance of testimony and shall include any documents material to that witness's testimony.
>
> (ii) If a petitioner is unable to obtain the signature of a witness under subparagraph (i), the petitioner shall include a certification, signed by the petitioner or counsel, stating the witness's name, address, date of birth and substance of testimony. In lieu of including the witness's name and address in the certification under this subparagraph, counsel may provide the witness's name and address directly to the

> Commonwealth. The certification under this subparagraph shall include any documents material to the witness's testimony and specify the basis of the petitioner's information regarding the witness and the petitioner's efforts to obtain the witness's signature. Nothing in this subparagraph shall be construed to contravene any applicable attorney-client privilege between the petitioner and postconviction counsel.
>
> (iii) Failure to substantially comply with the requirements of this paragraph shall render the proposed witness's testimony inadmissible.

42 Pa.C.S. § 9545(d).[6]

Under the new provisions of Section 9545(d)(1), a petitioner must provide a certification *signed by the proposed witness*, 42 Pa.C.S. § 9545(d)(1)(i), and the amendment established a separate procedure for when the proposed witness's signature cannot be obtained, requiring the petitioner to include a statement as to why it could not be obtained, 42 Pa.C.S. § 9545(d)(ii). In neither version is a petitioner required to provide an affidavit from the proposed witness. *See Commonwealth v. Brown*, 767 A.2d 576, 583 (Pa. Super. 2001) (holding that the PCRA petitioner "was not required to attach sworn affidavits to his PCRA petition in support of his request for an evidentiary hearing").

As to the PCRA court's analysis regarding the strength of the victim's identification testimony, we can only conclude that the court has implicitly found presumptively incredible Sowell's proposed testimony without having

---

[6] It is apparent that the PCRA court applied the amended statute, as it cited to subsection (iii). There was no subsection (iii) in the prior version of 42 Pa.C.S. § 9545(d)(1).

- 11 -

heard it. Sowell's proposed testimony, if found credible, clearly creates a genuine issue of material fact at odds with the victim's identification testimony at trial, which can only be resolved by assessing the relative credibility of the witnesses. As our Supreme Court has stated:

> A PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts. Indeed, one of the primary reasons PCRA hearings are held in the first place is so that credibility determinations can be made; otherwise, issues of material fact could be decided on pleadings and affidavits alone.

*Commonwealth v. Johnson*, 966 A.2d 523, 539 (Pa. 2009) (citations omitted).

As a corollary to our Supreme Court's explanation in *Johnson*, we owe no deference to the PCRA court's credibility assessment based solely on the pleadings. Moreover, our Supreme Court "has made clear that, in cases where the PCRA court declined to hold a hearing, and where an assessment of witness testimony was essential to a petitioner's ineffectiveness claims, the PCRA court must make specific credibility determinations." *Id.* at 540. Here, the PCRA court has only implicitly rejected Sowell's credibility by placing the victim's testimony in a light most favorable to the Commonwealth; it has not made any specific credibility determination on the after-discovered evidence because it refused to hear Sowell's testimony.

As to the specific elements of the after-discovered evidence test, we observe that Sowell's proposed testimony, if credible, would be neither cumulative, nor merely corroborative, of other evidence produced at trial, nor

would it be offered solely for impeachment purposes, as it would constitute substantive evidence of Appellant's innocence that was not presented at trial.[7] Nevertheless, Appellant must still establish that he acted with reasonable diligence in obtaining this new information from Sowell, and that a new trial would result in a different verdict, elements which turn on the PCRA court's assessment of the content of Sowell's testimony and its credibility. Accordingly, we conclude that the PCRA court erred in dismissing Appellant's after-discovered evidence claim without a hearing, and remand for an evidentiary hearing to be held where the PCRA court can assess the credibility of Sowell's testimony.

Next, Appellant claims that his counsel on direct appeal was ineffective for failing to raise a weight-of-the-evidence claim. We review ineffective assistance of counsel (IAC) claims under the following standards:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner. To obtain relief, a petitioner must demonstrate that counsel's performance was deficient and that the deficiency prejudiced the petitioner. A petitioner establishes prejudice when he demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." … [A] properly pled claim of

---

[7] We note that the PCRA court's limited analysis did not address these elements.

ineffectiveness posits that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission.

*Johnson*, 966 A.2d at 532-33 (citations omitted).

We also apply the following standard of review to a challenge that a verdict is against the weight of the evidence:

> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

> > Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

> > This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained:

> > > The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

- 14 -

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (internal citations omitted).

Appellant's argument hinges on his contention that the victim's identification of him was not credible.[8] Consequently, he asserts that if properly raised by appellate counsel, a weight-of-the-evidence claim would have been successful on direct appeal. *See* Appellant's Brief at 18-24. The PCRA court determined that this issue was meritless, relying on the alternative analysis provided in this Court's decision affirming Appellant's judgment of sentence on direct appeal. *See* PCO at 10. On that basis, the PCRA court determined that Appellant was not prejudiced by appellate counsel's failure to argue a weight-of-the-evidence claim on direct appeal. *Id.*

Appellant challenged the sufficiency of the evidence on direct appeal, arguing that the victim's "testimony, wherein she identified him as one of the perpetrators, is suspect due to her drug use." *Commonwealth v. Jackson*, No. 1999 EDA 2013, unpublished memorandum at 4 (Pa. Super. filed July 15, 2014). This Court held that, "while Appellant entitled his claim of error as one involving the sufficiency of the evidence, it is actually a challenge to the weight

_____

[8] Appellant contends that the victim's testimony was not credible because: 1) she was using drugs and alcohol on the day of the home invasion, Appellant's Brief at 21; 2) three years elapsed between the home invasion and her identification of Appellant, *id.* at 22; 3) she did not report the sexual assault until she identified Appellant, *id.*; and 4) because the initial identification was, ostensibly, unduly suggestive, *id.* at 23-24. Appellant also raises various minor inconsistencies in the victim's testimony.

of the evidence." *Id.* We then held that the claim had been waived due to Appellant's failure to raise it in the trial court.[9] *Id.* at 5. In a footnote, this Court stated:

> Were we to reach the merits of Appellant's challenge to the weight of the evidence, we would affirm Appellant's judgment of sentence. As stated above, the jury was free to credit [the v]ictim's testimony and identification of Appellant as her attacker, and nothing in the verdict shocks one's sense of justice.

*Id.* at 5 n.1.

> Appellant argues that,
>
> the PCRA court points out that this Court explained in a footnote in its Memorandum Opinion[] that[,] had they decided on weight of the evidence, it would have [af]firmed [the] judgment of sentence. Appellant argues this is not the case, as such weight arguments were never fully developed, as only sufficiency was argued, even if peppered with [a] weight argument.
>
> Therefore, because there were so many evidentiary issues with the identification procedure and the credibility of the [victim], and because there is no conceivable reason why weight was not raised on direct appeal, appellate counsel was ineffective. Had weight been fully argued on direct appeal, this Court would have considered full throated arguments as to why the guilty verdicts

---

[9] Appellant asserts that this Court erred on direct appeal because he raised a weight-of-the-evidence claim orally at sentencing and, therefore, did not waive that issue in the trial court. Appellant's Brief at 19. The PCRA court agrees that his weight-of-the-evidence claim was properly preserved at sentencing. PCO at 5. Nevertheless, appellate counsel did not frame the issue as a weight-of-the-evidence claim on direct appeal and, in any event, he did not raise a weight-of-the-evidence claim in Appellant's Rule 1925(b) statement on direct appeal. *See* Rule 1925(b) statement, 8/15/13, at 1-2. Thus, the claim was waived for direct appellate review, even if it was properly preserved in the trial court. *See Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) ("Any issues not raised in a 1925(b) statement will be deemed waived.").

- 16 -

were against the weight of the evidence. The result would likely have been different, but for this omission.

Appellant's Brief at 24 (citation omitted).

The Commonwealth disagrees, arguing that the

record refutes this claim.  The victim observed [Appellant] for close to forty-five minutes during the robbery—more than enough time to get a good look at his appearance and features—and indeed testified that she noticed a distinctive scar on his chin. N.T., 7/13/12, at 122–23.  The victim testified that [Appellant] forced her to perform oral sex on him for two periods of approximately fifteen minutes each.  *Id.* at 88.  During these periods, she was certainly close enough to [Appellant] to get a good look at him.  Additionally, the victim positively identified [Appellant] from a photograph and became emotional when the mere sight of [Appellant] reminded her of the assault.  N.T., 7/16/12, at 103–05.  Furthermore, the victim testified that she was familiar with [Appellant] from seeing him around the neighborhood[,] and had seen him twice prior to the home invasion.  N.T., 7/13/12, at 226.  The victim also testified that she was "one hundred percent" sure that [Appellant] was the man who took her down to her basement and assaulted her.  *Id.* at 123. Law enforcement also found the victim's belongings in Sowell's house along with a photograph of [Appellant].  N.T., 7/16/12, at 101.

[Appellant]'s claim that the victim's testimony was not credible does not support a finding that appellate counsel was ineffective for failing to argue that the verdict was against the weight of the evidence.  It was within the exclusive province of the fact-finder to weigh each witness's credibility, motivations, and all other supporting evidence.  *See Commonwealth v. Manchas*, 633 A.2d 618, 624–25 (Pa. Super. 1993) ([holding] that the [fact that the] fact[-]finder "apparently disbelieved [d]efendant's versions of events and believed all of one Commonwealth's witness's testimony … is not shocking to the Court's sense of justice"). Simply because the jury did not agree with [Appellant]'s credibility assessments and weighed the evidence against him does not render the verdicts, which flowed logically from the evidence, shocking in any way.  *Commonwealth v. Small*, 741 A.2d 666, 673 (Pa. Super. 1999).  The jury heard testimony that the victim was a drug user[, and] the victim was forthcoming with this information.  N.T., 7/13/12, at 127–30.  That the jury chose to

believe the victim's testimony despite her drug use did not render the verdict shocking. *See Commonwealth v. Hudson*, 414 A.2d 1381, 1386 (Pa. 1980) ([stating] that a witness['s] use[ of] drugs is a matter of credibility properly left to the jury's consideration).

Moreover, trial counsel questioned the victim about the identification of [Appellant], her perception of the incident, and her communications with law enforcement regarding the incident. N.T., 7/13/12, at 177–210. [Appellant] would not have prevailed on a weight challenge based on arguments already considered and rejected by the factfinder. [] *Small*, 741 A.2d [at] 673 [] ("All of the matters complained of by [the] appellant, however, were issues argued by [the] appellant's counsel during trial and were properly weighed and rejected by the jury before it reached its verdict.").

[Appellant]'s claim also fails because he failed to prove that he was prejudiced by appellate counsel's decision not to raise a weight claim on appeal. To demonstrate counsel's ineffectiveness, [Appellant] had to prove actual prejudice. In the context of an ineffectiveness claim, prejudice means there was a reasonable probability that, but for counsel's alleged errors, the outcome of the trial would have been different. *Commonwealth v. Bond*, 819 A.2d 33, 42 (Pa. 2002). Here, [Appellant] was unable to prove prejudice because although appellate counsel did not argue that the verdict was against the weight of the evidence, this Court noted in its opinion rejecting [Appellant]'s challenge to the sufficiency of the evidence that, "were we to reach the merits of [Appellant's] challenge to the weight of the evidence, we would affirm … [a]s stated above, the jury was free to credit [the v]ictim's testimony and identification of [Appellant] as her attacker, and nothing in the verdict shocks one's sense of justice." []*Jackson*, [No. 1999 EDA 2013, unpublished memorandum at 5 n.1.] Clearly, had appellate counsel raised a weight claim, this Court would have affirmed the trial court's denial of [Appellant]'s post-verdict challenge to the weight of the evidence. *See Commonwealth v. Robinson*, 676 A.2d 249, 251 (Pa. Super. 1996) ("[I]t is clear that the underlying claim to [the] appellant's ineffectiveness issue lacks merit, as the trial court found that the verdict was not against the weight of the evidence. As a result, [the] appellant's ineffectiveness clam must fail.").

Commonwealth's Brief at 8-11 (citations to the record reformatted).

We agree with the Commonwealth's analysis. It was the sole province of the jury to assess the credibility of the victim's testimony, and we assess no abuse of discretion in the trial court's denial of Appellant's weight-of-the-evidence claim. As Appellant's underlying weight-of-the-evidence claim lacks merit, his counsel cannot be deemed ineffective for failing to properly raise it on direct appeal. *See Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (recognizing that a failure to prove any prong of the IAC test defeats the claim).

Next, Appellant avers that he was illegally sentenced to 5-10 years' incarceration for PIC, where the statutory maximum for that offense is 5 years' incarceration. *See* 18 Pa.C.S. § 907(a) (defining PIC as a misdemeanor of the first degree); 18 Pa.C.S. § 1104(1) (setting the maximum term of incarceration for a misdemeanor of the first degree at 5 years). The Commonwealth agrees, but notes that Appellant's sentence for PIC was set to run concurrent to his other offense. Commonwealth's Brief at 13. As such, the Commonwealth contends that a remand for resentencing is unnecessary to remedy the error, and that this Court can simply amend Appellant's sentence for PIC to a five-year maximum term of incarceration. *Id.* We note that, although Appellant did not raise this issue prior the filing of his brief, "as long as the reviewing court has jurisdiction, a challenge to the legality of the sentence is non-waivable and the court can even raise and address it *sua sponte*." *Commonwealth v. Infante*, 63 A.3d 358, 363 (Pa. Super. 2013).

In his statement of the questions presented, Appellant notes that his argument is premised solely on his reading of the sentencing transcript. Appellant's Brief at 5 n.1. Our review of the record reveals that the sentencing order differs from the oral pronouncement of sentence. The sentencing order indicates that Appellant was sentenced to a term of 1-2 years' incarceration for PIC (concurrent to his sentence for rape), not 5-10 years' incarceration. Sentencing Order, 1/18/13, at 1.[10] "The courts of Pennsylvania have consistently maintained that oral statements made by the judge in passing sentence, but not incorporated in the written judgment signed by him, are not part of the judgment of sentence." *Commonwealth v. Foster*, 324 A.2d 538, 539 (Pa. Super. 1974) (cleaned up). Thus, the written sentencing order controls this claim. Accordingly, as Appellant's sentence of 1-2 years' incarceration for PIC was well within the statutory maximum of 5 years' incarceration for that offense, his sentence was not illegal. No relief is due.

Finally, Appellant asserts that we should remand because the PCRA court failed to rule on his motion for the appointment of an investigator. Appellant's Brief at 17. This issue was not raised in Appellant's Rule 1925(b) statement and, therefore, it is waived. *Lord*, 719 A.2d at 309 ("Any issues not raised in a 1925(b) statement will be deemed waived."). Although we

_____

[10] We note that in his post-sentence motion, Appellant acknowledged that this was the sentence imposed by the court for his PIC conviction. *See* Post-Sentence Motion, 1/25/13, at 3 ¶ 10.

deem this issue waived for appellate review at this time, we do so without prejudice to Appellant's ability to seek a ruling on that motion upon remand.

In sum, we affirm the portion of the PCRA court's order denying Appellant's IAC claim related to appellate counsel's failure to preserve a weight-of-the-evidence claim on direct appeal. However, we vacate the portion of the order denying an evidentiary hearing on Appellant's after-discovered evidence claim. We deem waived Appellant's claim that the PCRA court erred by failing to rule on his motion for the appointment of an investigator. Finally, we conclude that Appellant was not illegally sentenced.

Order **affirmed** in part, **vacated** in part. Case **remanded** for an evidentiary hearing. Jurisdiction **relinquished**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/2021